Marjorie ARNY, Appellant,

v.

PHILADELPHIA TRANSPORTATION
COMPANY.

No. 12731.

United States Court of Appeals
Third Circuit.

Argued Jan. 6, 1959.

Decided May 13, 1959.

John V. Lovitt, Philadelphia, Pa.
(Beechwood & Lovitt, Philadelphia, Pa.,
on the brief), for appellant.

H. Francis DeLone, Philadelphia, Pa.
(Arlen Specter, Barnes, Dechert, Price,
Myers, & Rhoads, Philadelphia, Pa., on
the brief), for appellee.

Before BIGGS, Chief Judge, and
GOODRICH and STALEY, Circuit
Judges.

BIGGS, Chief Judge.

The suit at bar was brought by Marjorie Arny, on her own behalf and as trustee ad litem on behalf of her sister, under the Pennsylvania Wrongful Death Act, 12 P.S.Pa. § 1601 et seq., Acts of April 15, 1851, P.L. 669, § 19, and April 26, 1855, P.L. 309, § 1, as amended. The suit was filed on March 31, 1958. The plaintiff is a citizen and resident of New Jersey, and the defendant is a corporation of Pennsylvania. Jurisdiction is based on diversity.

The facts alleged in the complaint briefly put are as follows. James T. Haviland, the father of the plaintiff and her sister, was injured fatally in a collision between the motor vehicle in which he was riding and a bus owned and operated by the defendant. The complaint alleges that the accident was caused by the sole negligence of the defendant.

The defendant filed a motion under Rule 12(b), Fed.R.Civ.Proc., 28 U.S.C., to dismiss the complaint or in the alternative to stay the instant suit pending the determination of litigations in the Court of Common Pleas. The bases of the motion were that on April 3, 1958, Arny and her sister had brought a separate action based on the Pennsylvania Wrongful Death Act, supra, in the Court of Common Pleas of Philadelphia County at No. 1407, March Term 1958 and that Girard Trust Corn Exchange Bank, as alternate executor of the Estate of James T. Haviland, in the Court of Common Pleas of Philadelphia County, at No. 1406, March Term 1958 brought a survival action against the defendant pursuant to Section 601 of the Fiduciaries Act of 1949, 20 P.S.Pa. § 320.601. The court below, refusing to dismiss the complaint in the instant suit, nonetheless stayed the proceedings pending the de-

termination of the litigations in the Court of Common Pleas within a reasonable time, basing its ruling on an asserted substantive right to avoid the duplication of damages. D.C.1958, 163 F.Supp. 953, 955.[1] The appeal followed.

Two jurisdictional questions are presented. The first raised, briefed and vigorously argued by the defendant, is that the plaintiff does not have the necessary jurisdictional standing or the capacity to maintain the suit. It is not necessary for this court to deal now with that issue.

There is, however, another jurisdictional point, not raised by the defendant by way of motion to dismiss, but of which we must take cognizance. Is the order of the court below an appealable one? We conclude that it is not since it is not final. Section 1291, Title 28 U.S.C. The plaintiff-appellant argues that the order appealed from is more than a mere postponement of a trial for good cause but is in substance a permanent stay since the conclusion of the State court litigations will in all probability render the suit at bar res judicata and that therefore the stay order is tantamount to a dismissal of the case at bar. We cannot, however, review an order appealed from in the light of the semantic glosses which may be put upon it. We cannot say that the order appealed from surely will result in the case becoming res judicata by reason of an adjudication of the case or cases now pending in the Court of Common Pleas. The cases in the Court of Common Pleas might, perhaps, be dismissed by that court for reasons not related to the merits of the actions. To treat the order appealed from as the equivalent of a dismissal would compel this court to speculate on the possible or probable course of the litigations in the Pennsylvania State tribunal. This we should not do. Nor can we say that the granting of the stay under the circum-

stances of the case at bar is the equivalent of an injunction under Section 1292 (a), 28 U.S.C.A.

We conclude that we therefore do not possess the jurisdiction to reverse the order appealed from but must dismiss the appeal as improvidently taken. Cf. Day v. Pennsylvania Railroad Co., 3 Cir., 1957, 243 F.2d 485, 486–487, and United States v. Horns, 3 Cir., 1945, 147 F.2d 57, 60. Compare also Jewell v. Davies, 6 Cir., 1951, 192 F.2d 670, 673, certiorari denied, 1952, 343 U.S. 904, 72 S.Ct. 635, 96 L.Ed. 1323.

The appeal will be dismissed.

---

1. The order is as follows: "And Now, to wit, this 1st day of October 1958, the trial in the present case is stayed pending the conclusion within a reasonable time of the death and survival actions filed in the Court of Common Pleas of Philadelphia County.

"Defendant's Motion to Dismiss the Complaint is hereby refused.

/s/ Grim, J."