NATIONAL ASSOCIATION FOR the ADVANCEMENT OF COLORED PEOPLE et al., Appellants,

v.

Allen THOMPSON, Mayor of the City of Jackson, Mississippi et al., Appellees.

No. 20619.

United States Court of Appeals
Fifth Circuit.

July 24, 1963.

Derrick A. Bell, Jr., New York City, Jack H. Young, Jackson, Miss., William R. Ming, Jr., Chicago, Ill., Robert L. Carter, New York City, R. Jess Brown, Jackson, Miss., Jack Greenberg and Barbara A. Morris, New York City, for appellants.

E. W. Stennett and Thomas H. Watkins, Jackson, Miss., for appellees.

Before TUTTLE, Chief Judge and RIVES and GEWIN, Circuit Judges.

TUTTLE, Chief Judge.

This is a motion for an injunction pending appeal. Section 1292, 28 U.S.C.A. permits an appeal from an interlocutory order by a trial court "granting, continuing, modifying, refusing or dissolving injunctions * * *." Section 1651, 28 U.S.C.A., commonly known as the All-Writs statute, gives to Courts of Appeals the power to issue "all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." We have heretofore held that an injunction pending appeal is such a writ. Stell v. Savannah-Chatham County Board of Education, 5 Cir., 318 F.2d 425. All parties here agree that as we stated in Greene v. Fair, 5 Cir., 314 F.2d 200, 202 "[t]he relief sought here is extraordinary relief. It is granted only in exceptional cases."

The thrust of the motion here is that the trial court was required, as a matter of law, to issue a preliminary injunction forbidding the respondents, as officials of the city of Jackson, Mississippi, and officials of the state of Mississippi, from continuing to arrest a class of persons, consisting principally of Negroes, but including also some white persons working with them, from doing certain things within the city of Jackson, Mississippi, which movants characterized as "peacefully protesting the misuse of the power of the state of Mississippi by appellees to maintain and enforce racial segregation and discrimination in places of public accommodation, and in the use of public facilities in the city of Jackson, Mississippi," and which respondents characterized as "parading without a license," "breach of the peace," "obstructing traffic" and "restraint of trade by picketing."

The trial court had a hearing on June 10, 1963, during the course of which evidence was introduced in the form of af-

fidavits, and by oral testimony. It appeared without dispute that hundreds of persons within the class sought to be represented by the appellants had been arrested within the city of Jackson during a period of some ten days prior to the filing of the complaint. It is also clear that if the affidavits and sworn petition of the appellants were to be accepted as true in all respects, both as to the facts alleged and as to the inferences which these affiants drew from these facts and the applicable laws, the trial court would have been justified in granting at least some of the relief sought. It is equally true, however, that by the sworn pleadings and affidavits and oral testimony on behalf of the respondents, substantially all of the facts were disputed. Also, the conclusions of the movants that the facts showed conduct by the appellants that was legal and by the respondents that was illegal under the circumstances were challenged by the respondents.

In these circumstances the Court, although requested to do so by the movants, declined to enter an order expressly granting or expressly denying the motion for preliminary injunction. The entire order is in the following language:

"ORDER

"THIS CAUSE having come for hearing before the Court on application of the plaintiffs for a temporary writ of injunction on Count No. 1 of the complaint by agreement of the parties, and the Court having heard all of the evidence adduced by the parties in support of their respective contentions and having received briefs from counsel thereon and having examined such authorities finds:

"(1) That this is not a three-judge court matter and that this Court has full jurisdiction of the parties and the subject matter;

"(2) That this case is extremely complicated and involves many intricate legal facets which will entail further intensive examination and study by the Court;

"(3) That the greater weight of the more credible and more convincing evidence in this case leads the Court to the conclusion that there is in truth and in fact no crisis at hand; and no necessity or urgency for any immediate action on such complicated questions, since the course of action with respect to the plaintiffs is completely under their control; and no loss or prejudice or embarrassment will be suffered by the plaintiffs in the interim pending the Court's further study of this case.

"It is, accordingly, ordered that this matter will be taken under advisement by the Court for study and later decision at the proper time.

"It is further the opinion of this Court that the injunction issued by the state court against the plaintiffs is not void, and should be respected by the parties and their attorneys until vacated or reversed, whether it be to the liking of such parties or not; and further inquiry will be made later by this Court on that question for a determination of the status of the parties in a Federal Court of equity before a decree is entered here.

"SO ORDERED, this June 11, A. D., 1963.

. . . . . . . . . . .

"UNITED STATES DISTRICT JUDGE"

This order was entered by the trial court on June 11. At that time the evidence had not been transcribed, and neither party had filed briefs with the trial court as an aid to it in determining whether the conduct which the movants characterized as peaceful picketing, peaceful demonstrating and lawfully congregating to protest, and which the respondents denominated parading without a permit, illegal picketing in restraint of trade, illegally blocking the sidewalk, and trespass, truly fell within the protection of the First Amendment right to freedom of speech and freedom of assembly, or should be excepted from such protection by state regulation of the method of carrying on such activities. Instead, on the 13th day of June, movants filed notice of appeal from the

Judge's order on the theory that his failure to grant the injunction or expressly to deny it constituted such "refusal" as to make it an appealable order under Section 1292.

■ Ordinarily, of course, an order to be appealable under Section 1292 as one "refusing" injunctive relief is one which, in precise terms, announces the decision of the Court denying the relief requested. The order here was not, of course, such an order. It was an order stating that the Court would take the matter under advisement in view of the complicated and difficult "facets" of the case. In a proper case this Court has held that the failure of a trial court to grant injunctive relief when the plaintiff is "clearly entitled to have a ruling from the trial judge" from which an appeal can be taken may constitute an "order refusing" injunctive relief. See United States of America v. Lynd et al., 5 Cir., 301 F.2d 818. However, as made plain by our denial of preliminary injunction pending appeal in Davis et al. v. Board of School Commissioners of Mobile County et al., 5 Cir., 318 F.2d 63, it does not follow that every failure of a trial court to grant a temporary injunction is tantamount to a "refusal" of such injunctive relief. This question must be tested in the same way as other discretionary acts of the trial court. If the posture of the case is such that the plaintiff's rights have been so clearly established that a failure of the trial court to grant the injunctive relief would be set aside by an appellate court as an abuse of discretion, then for the trial court to fail to enter an order either granting or denying the relief sought may be considered, as we considered the order in the Lynd case, to be such interlocutory order refusing relief as to come within the purview of Section 1292.

■ Applying this principle to the present case, we are unable to say that for the trial court to require time for a study of the record and the applicable law in this difficult and delicate field of constitutional law before either granting or denying the relief sought by the plain-

tiffs below was an abuse of its discretion. As we have previously indicated, there must be a resolution of a fact issue between conflicting evidence for the trial court to ascertain whether the conduct for which these several hundred demonstrators were arrested is fully protected under the First Amendment, as contended for by the movants here, or was properly subject to curtailment by state authority under valid state regulatory laws dealing with control of traffic, parades, picketing by persons not employed by business establishments and the like. This is an area of constitutional law which has been recognized by the Supreme Court as to be extremely difficult of application. The Court has spoken most recently in this field of law in Edwards v. South Carolina, 372 U.S. 229, 83 S.Ct. 680, 9 L.Ed.2d 697 and in Fields et al. v. South Carolina, 372 U.S. 522, 83 S.Ct. 887, 9 L.Ed.2d 965, reversing convictions reported at 240 S. C. 366, 126 S.E.2d 6, 7, 8 and 9 q. v.

There were a variety of fact situations present in the testimony before the trial court which resulted in arrests. We believe it would be necessary for the trial court to analyze the facts as to each of these occurrences in light of the testimony, and make a fact finding touching on the truth of the matter, and then apply the constitutional principles established by the Supreme Court's opinions to such facts as thus found by the Court.

Everyone recognizes that neither state statutes nor city ordinances, nor, for that matter, federal statutes, may be used improperly for the purpose of actually denying the First Amendment rights of citizens. The question which the trial court here reserved for analysis and consideration before either granting or denying the injunction was whether the allegations of the complaint that the Mississippi statutes and ordinances were so being used was supported on the record. We think this analysis and determination by the trial court can be aided by the filing of briefs by the parties specifically pointing to the facts as to which there is no dispute, and the facts as to which

there is dispute in order to make it possible for the trial court more promptly to make its determination of the facts, which under the Federal Rules are required to be ascertained and stated by the trial court in the granting of a temporary injunction. See Rule 52(a), F.R.Civ.P.

Having concluded that we do not have before us an appealable order of the trial court, since it is neither a final order nor an interlocutory order within the meaning of Section 1292(a), we conclude that this Court has no jurisdiction to grant the motion since there is no valid appeal pending in this Court. It is thus unnecessary for us to consider whether, if an appealable order had been entered by the trial court denying the injunction, a proper showing has been made to warrant our granting an injunction pending the appeal in the Court of Appeals.

The appeal is dismissed for want of jurisdiction.