**Gussie JOFFE, Appellant,**

v.

**Sidney H. JOFFE.**

**Nos. 16264, 16412.**

United States Court of Appeals
Third Circuit.

Argued Sept. 29, 1967.

Decided Oct. 27, 1967.

Rehearing Denied Nov. 28, 1967.

Gussie Kleinman (Joffe), pro se.

J. Mortimer Rubenstein, Rubenstein & Albert, Paterson, N. J., for appellee.

Before McLAUGHLIN, HASTIE and FORMAN, Circuit Judges.

## OPINION OF THE COURT

### PER CURIAM.

In this branch of a bitter domestic litigation, plaintiff-appellant seeks to recover on two money judgments obtained by her in the New York State courts. By motion, later amended, she asked that defendant-appellee be enjoined from further proceeding against her in his then pending action in the New Jersey courts until after determination by the district court of the said New York judgments issue. As the district court found, the New Jersey litigation involved, inter alia, the problem of whether the New York judgments should be accorded full faith and credit in New Jersey. At the time the court acted on the motion it further appeared that the New Jersey Supreme Court had accepted the New Jersey Superior Court decision for consideration and that said Court might decide whether appellant's New York proceedings and judgments in her favor were entitled to acceptance by New Jersey.

The district court denied plaintiff's motion as amended and ordered all proceedings in that suit stayed until after final determination by the courts of the State of New Jersey in the above mentioned litigation, of the question whether the judgments obtained by appellant against appellee in the State of New York are entitled to full faith and credit in New Jersey.

On the plain situation before us, we are satisfied that the district court order denying plaintiff-appellant's amended motion and ordering all proceedings in the district court action stayed as stated was entirely proper. It should be noted that the New Jersey Supreme Court by its per curiam decision of October 9, 1967, 234 A.2d 232, in the State court appeal referred to has now affirmed the Superior Court decision denying full faith and credit to the New York proceedings here involved. That Court quoted with approval the opinion of the New Jersey Superior Court, Appellate Division in said case which held as follows:

"There is nothing in the record to establish that at the time the Chancery Division action was commenced the New York court had personal jurisdiction over the plaintiff or the marital *res*. It is further apparent that all New York judgments were obtained by defendant in violation of the Chancery Division restraining orders.

"By proceeding in the New York court after having been served with the restraining orders of our court, defendant was guilty of contempt. The judgment of the Chancery Division adjudging defendant in contempt of court is affirmed."

The New Jersey Supreme Court in its said per curiam opinion ruled as follows:

"The judgment is affirmed for the reasons expressed in the opinion of the Appellate Division, supra."

The judgment of the District Court will be affirmed with costs to be taxed against plaintiff-appellant.