Jerome M. COTLER, Appellant,

v.

INTER–COUNTY ORTHOPAEDIC ASSOCIATION, P. A., et al.

Jerome M. COTLER, Petitioner,

v.

INTER–COUNTY ORTHOPAEDIC ASSOCIATION, P. A., et al., Respondents,

Honorable Mitchell H. Cohen, Nominal Respondent.

Nos. 75–1451, 75–1873.

United States Court of Appeals, Third Circuit.

Argued Oct. 30, 1975.

Decided Dec. 1, 1975.

---

Samuel J. Serata, Serata & Stanger, Bridgeton, N. J., for respondent Mahaveer P. Prabhaker.

Gerald M. Eisenstat, Shapiro, Eisenstat, Capizola, O'Neill, Lisitski & Gabage, Vineland, N. J., for respondents Basil Ingemi and Barbara Ingemi.

Neil F. Deighan, Jr., Kisselman, Deighan, Montano & Summers, Camden, N. J., for respondents Warren C. Lummis, Steven Z. Kleiner, Jay R. Moore and Michael Brook Fisher, Ind. and T/A Lummis, Kleiner, Moore & Fisher.

Fred Lowenschuss Associates, Fred Lowenschuss, Philadelphia, Pa., for appellant; James J. Seeley, Camden, N. J., Gerald M. Eisenstat, Vineland, N. J., of counsel and on the brief.

Keron .D. Chance, Bridgeton, N. J., for appellant The Farmers and Merchants National Bank of Bridgeton, New Jersey; Fred Lowenschuss, William D. Parry, Philadelphia, Pa., of counsel.

Before GIBBONS, Circuit Judge, MARKEY,* Chief Judge, Court of Customs and Patent Appeals, and WEIS, Circuit Judge.

## OPINION OF THE COURT

GIBBONS, Circuit Judge.

By appeal in No. 75–1451 and by a petition for mandamus in No. 75–1873 Dr. Jerome M. Cotler, the plaintiff below, seeks relief from two orders of the district court. The first order granted defendants' motion to stay federal proceedings so long as actions pending in the Superior Court of New Jersey, Chancery Division, Cumberland County, Docket Number C–4204–73 and Camden County, Docket Number C–4268–73, are outstanding and undecided. The second order directed that the clerk of the district court "administratively terminate the action in his records, without prejudice to the right of the parties to reopen the proceedings for good cause shown for the entry of any stipulation or order, or for any other purpose required to obtain a final determination of the litigation." We conclude that the court's actions, which have the effect in this case of depriving the plaintiff of a federal forum for a cause of action over which the jurisdiction of the federal courts is exclusive, were beyond the lawful power of the district court and are remediable by mandamus.

## I. BACKGROUND

The underlying dispute, which now involves three lawsuits all of which are at a standstill, grows out of the affairs of the Inter-County Orthopaedic Association, P.A. (Inter-County), a New Jersey professional corporation. Dr. Cotler, Dr. Basil Ingemi and Dr. Mahaveer Prabhaker practiced their specialty in that form. In March of 1973 Cotler advised Ingemi and Prabhaker that he intended to withdraw from the practice. Negotiations among the doctors to determine a buy-out price failed. Acting on instructions from Ingemi, the attorney for Inter-County on July 29, 1974 filed in the Superior Court of New Jersey, Chancery Division, Cumberland County, a complaint naming the three doctors as defendants, seeking a declaratory judgment of the rights of the parties and other relief. The main thrust of the other relief was to compel Cotler to resign as an officer and director and to obtain from him an accounting for professional fees allegedly due Inter-County but received by him. Shortly thereafter Cotler commenced a shareholders' derivative action in the Superior Court, Chancery Division, Camden County against Inter-County, Prabhaker, Ingemi and several other defendants seeking damages, injunctive relief restraining the defendants from wasting corporate assets, an accounting, the cancellation of stock issued to Prabhaker under questionable circumstances, and the removal of the corporate counsel who had instituted the declaratory judgment action. By an order dated August 23, 1974 the Cumberland County action was consolidated with the Camden County action and venue assigned to Cumberland County. The affidavits suggest that Cotler's attorney, justifiably or not, is unhappy with the Cumberland County venue.

On August 22, 1974, Cotler filed in the United States district court a complaint

* Chief Judge, Court of Customs and Patent Appeals, sitting by designation.

charging Inter-County, Ingemi, Prabhaker and several other defendants with violations of § 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j, and Rule 10b–5 promulgated thereunder, 17 C.F.R. § 240.10b–5, and with several pendent state law causes of action. Although Cotler's allegations in the state and federal suits are not identical, it is fair to say that the pendent claims largely duplicate those in the state court proceedings. The parties are not identical, however, and at least one alleged cause of action, against The Farmers & Merchants National Bank of Bridgeton, New Jersey, is not involved in the state court proceedings. Moreover, the state court lacks jurisdiction to entertain the § 10(b) claim. 15 U.S.C. § 78aa. Thus the orders of which Cotler complains stay the determination of a cause of action over which the district court has exclusive jurisdiction, and closely related causes of action over which it has pendent jurisdiction, in favor of a state court proceeding in which the parties are not identical.

## II. APPEALABILITY

### (A) Final Judgment

Cotler contends that staying the federal action and administratively terminating it pending the trial of the state court claims has the effect of a final order, 28 U.S.C. § 1291, or of the denial of an injunction, 28 U.S.C. § 1292(a)(1).

This court's treatment of the appealability under § 1291 of stay orders has not been unwavering. In *Arny v. Philadelphia Transportation Co.,* 266 F.2d 869, 870 (3d Cir. 1959) we held that a stay of federal court proceedings pending the decision of state court litigation between the parties representing the same interests was not a final order and hence was not appealable. In *Joffe v. Joffe,* 384 F.2d 632 (3d Cir. 1967) (per curiam), *cert. denied,* 390 U.S. 1039, 88 S.Ct. 1635, 20 L.Ed.2d 300 (1968), on the other hand, without discussing appealability we affirmed an order of a district court granting such a stay. Cotler urges that the indefinite stay of the proceedings has the same practical effect as a final dis-

missal, and should on the authority of *In re Grand Jury Proceedings,* 525 F.2d 151 (3d Cir. 1975), be treated as such. In that case, without referring either to *Arny* or to *Joffe,* but relying on *Amdur v. Lizars,* 372 F.2d 103, 105–06 (4th Cir. 1967), we held that an order staying a grand jury proceeding was an appealable final order. But the grand jury whose proceedings were stayed served for a finite term which would in all likelihood expire before the state court action to which the district court deferred could be concluded. Here, no matter how long the state court proceedings take, in the end the same district court must take up the § 10(b) claim, which cannot be disposed of by the state court. That consideration serves to distinguish both *In re Grand Jury Proceedings* and *Amdur v. Lizars* upon which we relied, and disposes of Cotler's reliance on the "death knell" doctrine as well. The § 10(b) claim may be old and feeble at the end of the state court litigation, but it will not be dead. This court has in any event indicated its lack of enthusiasm for the "death knell" rationale for avoiding the final order requirement. *Hackett v. General Host Corp.,* 455 F.2d 618 (3d Cir.), *cert. denied,* 407 U.S. 925, 92 S.Ct. 2460, 32 L.Ed.2d 812 (1972).

■ We conclude that neither the per curiam disposition in *Joffe* which is silent on appealability, nor the holding on appealability of *In re Grand Jury Proceedings,* which deals with a distinguishable set of circumstances, has diminished the precedential value of *Arny.* The grant of a stay in this case was not a final order appealable under § 1291.

### (B) Interlocutory Order

■ If the stay order is not appealable under § 1291, Cotler urges it is nevertheless the equivalent of an injunction, and thus appealable under § 1292(a)(1). But we have held that the stay by the district court of its own action pending conclusion of a proceeding before the National Railroad Adjustment Board, *Day v. Pennsylvania R.R.,* 243 F.2d 485 (3d Cir. 1957), or of its own equitable action

pending arbitration, *Kirschner v. West Co.*, 300 F.2d 133 (3d Cir. 1962) (en banc), is not an injunction based on an equitable defense or counterclaim but only a regulation of the course of the action itself. *Compare Mason-Dixon Lines, Inc. v. Local 560, Teamsters*, 443 F.2d 807 (3d Cir. 1971) (stay of action at law appealable). Nor is a refusal to grant a stay of foreclosure proceedings pending termination of another action tantamount to a refusal to grant an injunction. *United States v. Chelsea Towers, Inc.*, 404 F.2d 329 (3d Cir. 1968) (per curiam). These precedents control the disposition of the instant appeal.

Alternatively, Cotler urges that the district court's action should be treated, in substance if not in form, as the denial of his request for an injunction against the waste of corporate assets. He would have us embrace the constructive order doctrine originated in such Fifth Circuit cases as *United States v. Lynd*, 301 F.2d 818 (5th Cir. 1962) and *N.A.A.C.P. v. Thompson*, 321 F.2d 199 (5th Cir. 1963), and more recently applied in the Second Circuit, *Weiss v. Duberstein*, 445 F.2d 1297 (2d Cir. 1971), and Seventh Circuit, *Clean Air Coordinating Committee v. Roth-Adam Fuel Co.*, 465 F.2d 323 (7th Cir. 1972), *cert. denied*, 409 U.S. 1117, 93 S.Ct. 895, 34 L.Ed.2d 701 (1973). There is much to be said for defining the term "injunction" for purposes of § 1292(a)(1) in such a functional manner. Certainly a refusal to rule with respect to injunctive relief often will leave a plaintiff in the position of continuing to suffer the effect of the conduct of which he complains. The alleviation of such situations was one purpose for the enactment of the first interlocutory appeals statute in 1891. *See Baltimore Contractors, Inc. v. Bodinger*, 348 U.S. 176, 181, 75 S.Ct. 249, 99 L.Ed. 233 (1955).

But not inconsiderable difficulties attend upon such an approach. At the threshold, it must be determined when a trial court's silence can be deemed to have matured into a refusal to rule. In a difficult case, where the issues are numerous and complex, the court must be given reasonable latitude timewise. *Cf. N.A.A.C.P. v. Thompson, supra*, 321 F.2d at 202. Moreover, treating a refusal to rule as the functional equivalent of the denial of an injunction may result in the appellate court making the initial determination without the benefit of district court consideration of the case and without the benefit of a complete record. Certainly that would be the result here. In an analogous context this court has declined to adopt a functional approach to the meaning of injunction for purposes of § 1292(a)(1), even when some form of order was entered. *United States v. Estate of Pearce*, 498 F.2d 847, 850–51 (3d Cir. 1974) (en banc) (Gibbons, J., dissenting). We declined in *Rodgers v. United States Steel Corp.*, 508 F.2d 152, 160 (3d Cir. 1975), *cert. denied*, 423 U.S. 832, 96 S.Ct. 54, 46 L.Ed.2d 50 (1975), to treat the postponement of class action determination and the stay of discovery as the equivalent of the denial of injunctive relief. There, as here, the alternative of mandamus relief was available. Reviewing the district court's action pursuant to 28 U.S.C. § 1651 seems preferable to adopting what would for this circuit be a new interpretation of § 1292(a)(1). Without suggesting that we would never under any circumstances find merit in the constructive order doctrine, we decline to hold in this case that the district court's action in staying all proceedings should be treated as equivalent to the denial of an injunction.

## III. MANDAMUS RELIEF UNDER § 1651

*McClellan v. Carland*, 217 U.S. 268, 281–82, 30 S.Ct. 501, 54 L.Ed. 762 (1910) holds that a federal court having jurisdiction over a cause of action concurrent with a state court by virtue of diversity of citizenship may not stay its action so as to permit a state court action to be completed first, and that the court of appeals should by a writ of mandamus vacate the stay. *See also County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 79 S.Ct. 1060, 3

L.Ed.2d 1163 (1959); *Meredith v. Winter Haven*, 320 U.S. 228, 64 S.Ct. 7, 88 L.Ed. 9 (1943). *Cf. Thermtron Products, Inc. v. Hermansdorfer*, —— U.S. ——, 96 S.Ct. 584, 46 L.Ed.2d 542. These cases, dealing with the concurrent jurisdiction of the federal courts, are a *fortiorari* authority for the impropriety of staying a federal case involving a cause of action over which federal jurisdiction is exclusive. No court except a federal court can adjudicate the question whether stock in a professional corporation is a security within the meaning of the federal securities law. Although a state court may be able to determine the historical facts in this ongoing dispute, no court except a federal court can apply the governing federal legal standards for compliance with the federal securities law to those facts. Thus this is not a case in which by deferring to a state court a federal court may avoid decision of a federal constitutional law issue, *Railroad Commission v. Pullman Co.*, 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), or avoid unnecessary friction with the administration of state policy, *Burford v. Sun Oil Co.*, 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943). If the district court had decided, preliminarily, that stock in a professional corporation is not a security within the meaning of § 10(b)—an issue which was not briefed here and on which we express no view—it would have had discretion to decline jurisdiction over the pendent state claims. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). But no valid purpose can be served by an arrangement whereby a plaintiff alleging a cause of action exclusively federal, relegated to state court fact-finding must then return to the federal court to litigate both the federal legal issues and the application of federal law to the facts found in the state court. Litigation over the judgment preclusion effects

of the state court decision in such a context probably will be as complex as if the federal court had gone ahead with the entire case.[1] No federal interest, no state interest, and no interest of the parties (other than delay) is served by the stay of the federal case.

A writ of mandamus will issue directing the district court to vacate the order dated February 24, 1975 staying this action and the order dated February 25, 1975 directing the Clerk to administratively terminate the action in his records.

The appeal at No. 75–1451 will be dismissed.

---

1. The American Law Institute proposes that the exclusive federal jurisdiction under the Securities Exchange Act of 1934, 15 U.S.C. § 78aa, be made concurrent with the state courts. *See* ALI, Study of the Division of Jurisdiction Between State and Federal Courts § 1311(b), Commentary at 183–84 (1969).

Whether in a case of fully concurrent jurisdiction—for example, a claim under the Securities Act of 1933, 15 U.S.C. § 77v(a)—a stay of the federal case which deprives a litigant of the choice of a federal forum would be proper in light of *McClellan v. Carland, supra*, is an issue we do not here decide.