**HARMON KARDON, INC.,**
**Plaintiff-Appellee,**

v.

**ASHLEY HI–FI a/k/a Ashley Sound,**
**Defendant-Appellant.**

**No. 79–1004.**

United States Court of Appeals,
First Circuit.

Argued April 4, 1979.

Decided July 12, 1979.

John M. Roney, Providence, R. I., with whom Mann & Roney, Providence, R. I., was on brief, for defendant-appellant.

James D. Camp, East Meadow, N. Y., for plaintiff-appellee.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

BOWNES, Circuit Judge.

This is an appeal from an order of the district court for the district of Rhode Island staying further proceedings on the execution of a foreign judgment and declining to consider appellant Ashley Hi-Fi's (Ashley) motion to vacate the judgment. Appellant Ashley argues that this court has jurisdiction to entertain this appeal, that the district court had jurisdiction to vacate the foreign judgment, and that its failure to do so constituted error. Because we hold that we do not have jurisdiction under either 28 U.S.C. § 1291[1] or 28 U.S.C. § 1292(a)[2] over this appeal, we do not reach the merits of Ashley's latter claims, and we dismiss the appeal for lack of appellate jurisdiction.

This controversy had its inception in the district court for the Eastern District of New York when appellee Harmon Kardon, Inc. (Kardon) filed a complaint against Ash-

1. 28 U.S.C. § 1291 reads as follows:
   The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, except where a direct review may be had in the Supreme Court.

2. 28 U.S.C. § 1292 provides in relevant part:
   (a) The courts of appeals shall have jurisdiction of appeals from:

   (1) Interlocutory orders of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, or of the judges thereof, granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions, except where a direct review may be had in the Supreme Court[.]

ley to recover in excess of $10,000 for delivered goods. The district court entered a default judgment against Ashley and Kardon then registered the judgment in the district court in Rhode Island, pursuant to 28 U.S.C. § 1963,[3] requesting execution. Ashley filed motions to stay execution and to vacate the default judgment as void for lack of in personam jurisdiction, pursuant to Fed.R.Civ.P. 60(b)(4).[4]

At the hearing on the motion, the district court explained that it was staying execution of the judgment and declining to rule on the motion to stay in reliance on 11 Wright & Miller, Federal Practice and Procedure: Civil § 2865 at 225 and n.56 (1973), which reads in pertinent part: "Accordingly it is appropriate for the court in the district of registration to decline to pass on the motion for relief and to require the moving party to proceed in the court that gave judgment." The order issued provides in relevant part:

> After consideration of the defendant's motion, affidavit and memorandum the Court is of the opinion that the United States District Court for the Eastern District of New York is the proper forum for determination of the defendant's Motion to Vacate, and it is accordingly,
>
> ORDERED, that execution of the Judgment in this matter be, and it hereby is, stayed to and including December 30, 1978 for the purpose of giving the defendant time to file a Motion to Vacate in the Eastern District of New York; and, if a timely motion is filed, this stay will remain in effect until determination by said Eastern District, it is further,
>
> ORDERED that defendant's Motion to Vacate be, and hereby is, passed.

The first issue to be resolved is whether we have jurisdiction to entertain Ashley's appeal. Generally, appeals are permissible only from final judgments. See 28 U.S.C. § 1291; USM Corp. v. GKN Fasteners, Ltd., 574 F.2d 17, 18 (1st Cir. 1978). Ordinarily, no appeal can be taken from district court orders staying proceedings pending suit in another court. Taunton Gardens Co. v. Hills, 557 F.2d 877, 878 (1st Cir. 1977); Codex Corp. v. Milgo Electronic Corp., 553 F.2d 735, 737 (1st Cir.), cert. denied, 434 U.S. 860, 98 S.Ct. 185, 54 L.Ed.2d 133 (1977); 9 Moore's Federal Practice ¶ 110.-20[4.–2] at 249–50 (2d ed. 1975).

Ashley only briefly alludes to the issue of the appealability of the stay, but, in so doing, it misconstrues the nature of the district court's order. Ashley asserts in its brief, "the order from which this appeal is taken was neither in style nor in essence one granting or denying a stay of proceedings." Our reading of the district court's order yields only the interpretation that in both style and essence the order specifically granted Ashley's motion to stay execution of the judgment and deferred passing on Ashley's motion to vacate. Ashley analogizes the district court's stay to an order staying proceedings pending resolution of an issue in state court proceedings, which is generally regarded as a final order for purposes of appeal. See Druker v. Sullivan, 458 F.2d 1272, 1274 n.3 (1st Cir. 1972); 9 Moore's Federal Practice ¶ 110.20[4.–2] at 249–51 (2d ed. 1975); 15 Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction § 3914 at 563–67 (1976). This attempt to characterize the stay order as an

---

**3.** 28 U.S.C. § 1963 reads as follows:

A judgment in an action for the recovery of money or property now or hereafter entered in any district court which has become final by appeal or expiration of time for appeal may be registered in any other district by filing therein a certified copy of such judgment. A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

A certified copy of the satisfaction of any judgment in whole or in part may be regis-

tered in like manner in any district in which the judgment is a lien.

**4.** Fed.R.Civ.P. 60(b) provides:

. . . . .

(b) Mistakes; Inadvertence; Excusable Neglect; Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: . . (4) the judgment is void; . . . ..

abstention order fails. None of the delicate federalism considerations posed by abstention is present here.

Ashley also seeks to convert a simple stay into a directive, which it clearly is not. The district court stayed execution of judgment for sixty days so that Ashley could, *at its option,* file a motion to vacate in the Eastern District of New York. Ashley did file such a motion.[5] Ashley had the option of allowing the stay of execution to expire while renewing its motion to vacate. Such a renewal, and a denial of the motion, would have resulted in a final, appealable order.[6]

In a footnote, Ashley adverts to the jurisdictional aspect of the appeal, conceding that "it is true that the Court did not actually deny the motion to vacate but rather declined to entertain and pass[ed] it." It takes the position that the court's refusal to rule "where one was obliged to do so" was tantamount to a denial of the motion to vacate, thus converting the stay into a final order. In support of this position, Ashley inaptly relies on *NAACP v. Thompson,* 321 F.2d 199 (5th Cir. 1963), a case concerned with the failure of a district court to grant an injunction. In *NAACP,* the court dismissed the appeal for want of appellate jurisdiction, stressing that not every failure of a district court to issue an injunction amounts to a "refusal" to issue injunctive relief. The court noted:

> If the posture of the case is such that the plaintiff's rights have been so clearly established that a failure of the trial court to grant the injunctive relief would be set aside by an appellate court as an abuse of discretion, then for the trial court to fail to enter an order either granting or deny-

ing the relief sought may be considered, as we considered the order in the *Lynd* case [*United States v. Lynd,* 301 F.2d 818 (5th Cir. 1962)], to be such interlocutory order refusing relief as to come within the purview of Section 1292.

*Id.* at 202. No injunction is involved here and Ashley has not established irreparable harm in the district court's decision to delay ruling on the motion to vacate.

The remaining portion of Ashley's brief is devoted to the merits of its appeal, which we lack jurisdiction to entertain. Ashley discusses cases which are inapposite, since in each,[7] the district court entered an order either granting or denying the motion to vacate the registered judgment, while here, the district court has not yet reached such determination.

The Supreme Court held in *Landis v. North American Co.,* 299 U.S. 248, 254, 57 S.Ct. 163, 166, 81 L.Ed. 153 (1936), that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."

As we noted in *USM v. GKN Fasteners, Ltd., supra,* 574 F.2d at 19: "Congress has expressed a policy against piecemeal appeals. 28 U.S.C. § 1291. The concept of finality, while not absolute, *see Cohen v. Beneficial Loan Corp., supra,* [337 U.S. 541 [69 S.Ct. 1221, 93 L.Ed. 1528] (1949)] is not infinitely expandable." To entertain Ashley's appeal would strain our jurisdictional reach to the breaking point.

*Appeal dismissed.*

---

**5.** The District Court for the Eastern District of New York granted Ashley's motion to stay pending our hearing on the motion to vacate until June 22, 1979.

**6.** We are not unmindful of the coercive effect involved in conditioning the continued stay of execution upon Ashley's initiation of proceedings in New York, the very place it claims a right not to appear. If such were embodied in a final order, an affirmance would require us to draw a principled distinction between the effect of allegedly invalid process from a New York

federal court and the effect of invalid process from a far more distant court, when served on a Rhode Island defendant. But we need not decide such an issue, for appellant has failed to obtain a final order.

**7.** Ashley relies chiefly on *United States v. Home Indemnity Co.,* 549 F.2d 10 (7th Cir. 1977), and *United States v. Fluor Corp.,* 436 F.2d 383 (2d Cir. 1970), *cert. denied,* 402 U.S. 945, 91 S.Ct. 1623, 29 L.Ed.2d 114 (1971).