OPINION OF THE COURT
STAPLETON, Circuit Judge:
Appellants, Norman S. Marcus and Susan S. Marcus (the “Marcuses”), appeal an order entered by the United States District Court for the Eastern District of Pennsylvania staying their 42 U.S.C. § 1983 action for damages pending resolution of a state criminal action against them. The Marcuses argue that the stay of their federal court case is inappropriate because the state criminal action and the federal civil rights action are not parallel proceedings under Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976). We conclude that the stay order issued by the district court did not effectively terminate the federal court litigation and accordingly dismiss the Marcuses’ appeal for want of jurisdiction.
I.
In July 1987, the Marcuses purchased an undeveloped lot in the Township of Abington, Pennsylvania. The lot, Lot # 37, was part of an area called “Pennoek Woods,” which was created pursuant to the “Subdivision Plan of Pennoek Woods,” dated June 16, 1986, and last revised on July 9,1986. The Subdivision Plan states the “[t]he majority of the tract is heavily wooded with mature trees,” and that “[i]t is the intent of the developer to maintain and/or save the majority of the existing wooded area except along streets or where underground utility construction is required.” App. 8-9. The Marcuses purchased Lot # 37 “because it was undeveloped, in its natural wooded state, and because they desire[d] to live in the woods, in substantial compliance with the intent of the developers as set forth in the Subdivision Plan of Pennoek Woods.” App. 9.
On July 31, 1987, the Marcuses obtained a building permit from the Township to construct a home on Lot #37. Their permit application included a site plan which specified various grading and erosion control measures, including a provision to pave the driveway and to landscape all exposed areas. The Township approved the site plan.
In October 1990, the Township issued the Marcuses a temporary certificate of oecupan- *1369 cy which required the Marcuses to satisfy the following conditions: (1) complete the driveway paving, (2) remove dead trees and dead wood from the lot, (3) patch cement in both fireplaces, and (4) complete grading and landscaping. The Marcuses, believing that the site plan grading and erosion control measures were intended only as temporary measures during construction of their home, opted to maintain their property in its natural wooded state.
The neighbors complained. Thereafter, Township Commissioner Barbara C. Ferrara cautioned the Marcuses that they were required to remove dead trees and logs from their property. After ignoring several extensions, the Marcuses received a letter, dated October 3,1991, from P. Daniel Vollrath, the Township’s senior code enforcement official, which advised the Marcuses that October 31, 1991 was the new deadline for complying with the conditional certificate of occupancy and the terms of their original site plan. In particular, the October 3 letter reminded the Marcuses that their site plan “shows that the driveway was intended to be paved and the entire site was either to be seeded or sodded,” and warned them that if they remained in noncomplianee they would be issued a criminal citation. App. 19.
The Marcuses did nothing. On May 19, 1992, the Township filed a criminal citation charging the Marcuses with failure to comply with Township ordinances requiring landscaping and compliance with approved site plans. The Marcuses then met with Township officials once again and were granted yet another extension, until June 30, 1992. Lawrence T. Matteo, Jr., the Township’s superintendent of code enforcement, memorialized that meeting in a June 1, 1992 letter. Because Matteo’s letter did not specifically require “seeding or sodding,” the Marcuses did not perform that work. Nor did they complete agreed upon plantings.
A hearing was held on the criminal citation before a Pennsylvania district justice. The court ruled in favor of the Township on the charge that the Marcuses had failed to comply with the Township ordinances. The Mar-cuses appealed the district justice’s decision to the Pennsylvania Court of Common Pleas. That appeal currently is pending.
On August 26, 1993, the Marcuses filed an action for damages in federal district court, pursuant to 42 U.S.C. § 1983, alleging that the Township, Vollrath, Matteo, and Ferrara, while acting under color of state law, violated their right to due process of law in that they “deliberately and arbitrarily abused government power” when they attempted to enforce the grading and erosion control provision because the “attempted enforcement [was] not supported in law or fact.” App. 6. Further, the Marcuses charged the defendants with conspiring “to harass, intimidate, embarrass, annoy, abuse, and otherwise interfere with the [Marcuses’] liberty, privacy and due process protections.” App. 13. With respect to Ferrara, the Marcuses alleged that she “interfered with the process by which the municipality enforced the provisions of building permits for her own political or personal reasons unrelated to the merits of the building permit, and the law.” App. 12. Finally, the Marcuses alleged that as a “direct and proximate result of the acts of Defendants, Plaintiffs were deprived of due process of law, and were caused to suffer anxiety, mental suffering and humiliation, fright, and incurred attorney’s fees to defend themselves against the illegal actions of Defendants.” App. 12a.
The Township immediately filed a motion to stay or dismiss the federal action pending resolution of the Marcuses’ state criminal court appeal. On December 23, 1993, the district court granted the Township’s motion, and entered an order staying the Marcuses’ § 1983 action pursuant to the “exceptional circumstances” doctrine announced by the Supreme Court in Colorado River. The Marcuses appeal the district court’s order staying its federal court case.
II.
Although the parties themselves have not raised the issue, we have an independent obligation to determine whether we have appellate jurisdiction under 28 U.S.C. § 1291 before we can review the merits of the Mar-cuses’ appeal. Resolution Trust Corp. v. Pasquariello (In re Pasquariello), 16 F.3d *1370 525, 528 (3d Cir.1994). We conclude that the district court’s order staying the Marcuses’ federal court action was not a “final order” as contemplated by § 1291. Accordingly, we will dismiss the Marcuses’ appeal for want of jurisdiction.
A.
With exceptions not here relevant, courts of appeals have authority to review a district court’s order only if that order is “final” within the meaning of 28 U.S.C. § 1291. Whether an order is “final” depends on its effect. Stay orders normally are not appeal-able final orders because they merely delay proceedings in the suit. Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 10 n. 11, 103 S.Ct. 927, 934 n. 11, 74 L.Ed.2d 765 (1983); Schall v. Joyce, 885 F.2d 101, 104 (3d Cir.1989); Cheyney State College Faculty v. Hufstedler, 703 F.2d 732, 735 (3d Cir.1983); see also Hoots v. Pennsylvania, 587 F.2d 1340, 1346-47 (3d Cir.1978) (noting that mere delay does not render an order final for purposes of appeal). Not all orders staying proceedings in a district court are unappealable, however.
The Supreme Court explored the difference between a stay from which an appeal will lie and normal stays in Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). It held that an order staying proceedings in the district court in deference to an on-going state proceeding dealing with the same subject matter was a final order within the meaning of 28 U.S.C. § 1291. The Court so held because the stay permitted the state court to decide the sole issue in the federal case before the federal court reached it. Since the state court’s determination would have to be given collateral effect in the federal case, the effect of “the stay [was] to require all or an essential part of the federal suit to be litigated in a state forum,” 460 U.S. at 10 n. 11, 103 S.Ct. at 934 n. 11, and the stay thus put the plaintiff “effectively out of federal court,” id. at 9 n. 8, 103 S.Ct. at 933 n. 8 (emphasis omitted). The Court held “that a stay order is final when the sole purpose -and effect of the stay are precisely to surrender jurisdiction of a federal suit to a state court.” Id. at 10 n. 11,103 S.Ct. at 934 n. 11. The Court stressed, by way of contrast, that a stay is not final “merely because it may have the practical effect of allowing a state court to be the first to rule on a common issue.” Id.[1]
B.
Appellate review is inappropriate here because the stay entered by the district court merely delays the federal litigation and does not effectively terminate it. Unlike the situation in Moses H. Cone, the district court’s stay will be lifted- when the state criminal proceedings are concluded and the Marcuses will then receive the federal adjudication of their § 1983 claim to which they are entitled.
The action pending in the state court is a criminal action; the parties are the Commonwealth of Pennsylvania and the Marcuses. The sole issues involved there are whether the Marcuses violated the ordinance and if so, what sanction should be imposed. The Marcuses could not, or at least did not, place their § 1983 claim before the court in that criminal proceeding by way of counterclaim. Moreover, the Marcuses did not ask the state court to adjudicate as a defense in the criminal case any claim that the ordinance or the conduct of federal defendants was unconstitutional.[2]
*1371 The federal suit is a civil rights action for damages in which the Marcuses are the plaintiffs and the Township and various Township officials are the defendants. While the issue of whether the Marcuses violated the ordinance may become relevant in that case, the focus of the litigation is the conduct and the motivations of the Township officials. The issues will be whether these officials acted under color of state law, whether they were guilty of arbitrary and capricious conduct that deprived the Marcuses of a liberty or property interest, and if such a deprivation occurred, what amount of compensatory and/or punitive damages are appropriate under the circumstances.
Once the stay is lifted, the state court’s disposition of the criminal proceeding will have a negligible impact on the subsequent federal adjudication.[3] Because the causes of action in the two proceedings are different, the criminal judgment will have no res judi-cata effect in the federal proceeding. Safeguard Mut. Ins. Co. v. Williams, 463 Pa. 567, 345 A.2d 664, 668 (1975). Because the issues in the federal suit are different from those in the state case, neither side will be foreclosed by collateral estoppel with respect to the federal issues. The order from which the Marcuses appeal thus does not “surrender jurisdiction of a federal suit to a state court,” Moses H. Cone, 460 U.S. at 10 n. 11, 103 S.Ct. at 934 n. 11; it does not require that “all or an essential part of the federal suit ... be litigated in a state forum,” id. Rather, the effect of that order on the Marcuses’ federal case is delay, and delay alone.
The “‘mere prospect of delay’” does not create appellate jurisdiction where it would not otherwise exist. Hoots v. Pennsylvania, 587 F.2d 1340, 1347 (3d Cir.1978) (quoting Brace v. O’Neill, 567 F.2d 237, 243 n. 27a (3d Cir.1977)). For that reason, we have consistently held in circumstances similar to this that a stay order having only the effect of delay is not a final, appealable order. Rolo v. General Dev. Corp., 949 F.2d 695, 700-02 (3d Cir.1991);[4] Gold v. Johns-Manville Sales Corp., 723 F.2d 1068, 1072 (3d Cir.1983) (absent extraordinary circumstances an order granting a stay is not appealable); Brace v. O’Neill, 567 F.2d 237, 244 n. 29a (3d Cir.1977) (same); Cotler v. Inter-County Orthopaedic Ass’n, P.A., 526 F.2d 537, 541 (3d Cir.1975) (order staying proceedings in district court pending resolution of a state court suit with an overlapping factual background was not appealable); Arny v. Philadelphia Transp. Co., 266 F.2d 869, 870 (3d Cir.1959).
C.
We realize, of course, that most stay orders entered upon the authority of Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), are subject to immediate appellate review. As the Supreme Court pointed out in Moses H. Cone, the Colorado River doctrine applies only if there is parallel state court litigation involving the same parties and issues that will completely and finally resolve the issues between the parties and, accordingly, a “decision to invoke Colorado River necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the [federal] case, whether it stays or dismisses.” 460 U.S. at 28, 103 S.Ct. at 943. In other words, *1372 because of the requirement of a parallel state court proceeding, stays entered under the authority of Cobrado River will normally have the effect of putting the plaintiff “effectively out of federal court” and surrendering jurisdiction to the state tribunal. Moses H. Cone, 460 U.S. at 9 n. 8, 103 S.Ct. at 933 n. 8.
In this ease, the district court cited Colorado River in support of its decision to stay the proceedings before it. But our jurisdiction does not turn on the' authority cited by the district[1] court. It turns, rather, on the effect of the order that the district court has entered. If that order has deprived the federal plaintiff of a federal adjudication to which he or she may be entitled, it is a final order under Moses H. Cone and subject to immediate appellate review. If, as here, the order only serves to delay the federal adjudication, it is not final and not appealable.[5]
III.
We will dismiss this appeal for want of jurisdiction.

. We most recently recognized and applied this Moses H. Cone distinction between appealable and nonappealable stay orders in Trent v. Dial Medical of Florida, Inc., 33 F.3d 217 (3d Cir.1994). We there held that an order having the effect of staying a federal proceeding was appeal-able because a "decision in [a parallel state proceeding would] constitute res judicata as to at least two major issues (duty and breach) in” the federal case, Trent, 33 F.3d at 221, and the order would thus have required "all or an essential part of the federal suit to be litigated in a state forum." Moses H. Cone, 460 U.S. at 10 n. 11, 103 S.Ct. at 934 n. 11.

. The Marcuses advised the state court of their constitutional claims but solely for the purpose of attempting to reserve their right to subsequently litigate those claims in a federal forum. See England v. Louisiana State Bd. of Medical Examiners, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964); Government & Civic Employees Org. Comm. v. Windsor, 353 U.S. 364, 77 S.Ct. 838, 1 L.Ed.2d 894 (1957).

. It is possible that a recent Supreme Court decision, Heck v. Humphrey, -U.S. -, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), precludes the Marcuses from successfully prosecuting all or a part of their § 1983 claim unless they can show that their conviction has been overturned. If so, the stay issued in this case can only benefit the Marcuses’ § 1983 case because it gives them the chance to seek a reversal of their state court criminal convictions before proceeding with their § 1983 claims. Thus, the possible impact of the state proceedings on the federal ones under Heck will not deprive the Marcuses of their right to a federal adjudication of their § 1983 claim. We emphasize, however, that we express no view on the applicability of Heck to this case.

. In Rolo, we held that an order staying a federal securities law case in light of on-going criminal and bankruptcy proceedings did not constitute a final order under the collateral-order doctrine announced in Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Our analysis there supports a similar conclusion here. The courts of appeals which have addressed the issue agree that a stay order, in the absence of extraordinary circumstances, does not meet the requirements of the collateral-order doctrine. See cases collected at 15A Charles A. Wright et al., Federal Practice and Procedure § 3914.13, at 731-33 nn. 3, 5 (1992).

. Nor is the district court’s order in this case reviewable under our mandamus jurisdiction. No one has suggested, and there is no reason to believe, that the federal adjudication will be unreasonably delayed by that order. See Cheyney, 703 F.2d at 735, 737-38.

. Moses H. Cone involved a contractor’s appeal from an order staying a federal suit to compel arbitration. When the order was entered, a suit was pending in state court that would by necessity resolve the issue of arbitration. Accordingly, the district court stayed the federal suit pending the resolution of the state court proceeding pursuant to Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 818, 96 S.Ct. 1236, 1246-47, 47 L.Ed.2d 483 (1976).
The Supreme Court found the stay order was appealable either as a final order or as a collater-. al order. The stay was final because all or substantially all issues would be resolved in the state court. In so holding, the Court relied upon Idlewild Liquor Corp. v. Epstein, 370 U.S. 713, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1962), where the Court concluded that a stay entered pursuant to Railroad Comm’n v. Pullman Co., 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941), was final, even though that stay was "entered with the expectation that the federal litigation will resume in the event that the plaintiff does not obtain relief in the state court on state law grounds.” Moses H. Cone, 460 U.S. at 10, 103 S.Ct. at 934. The Court also found that the stay was an appealable collateral order because it satisfied all the factors of Cohen v. Beneficial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). I discuss the collateral order doctrine and its application to the instant proceeding in section I.C. infra where I conclude, contrary to the majority, that the district court order here is reviewable as a collateral order.