# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

## No. 95-40956
## Summary Calendar

_____

**GLEN C. JAMES,**

**Plaintiff-Appellant,**

**versus**

**JAMES A. COLLINS, Individually
and as Executive Director of
Texas Department of Criminal Justice, et al.,**

**Defendants-Appellees.**

_____

### Appeal from the United States District Court
### for the Eastern District of Texas
### (9:95-CV-229)
_____
### February 7, 1996

Before DAVIS, BARKSDALE, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Glen C. James, *pro se* and *in forma pauperis*, appeals the district court's failure to rule on his motion for injunctive relief.  We **DISMISS** the appeal.

I.

On July 5, 1995, James filed a complaint, pursuant to 42 U.S.C. § 1983, against various officers and employees of the Texas Department of Criminal Justice, Institutional Division, claiming denial of access to dental care and dental supplies, and seeking

_____

[*]    Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

damages and declaratory and injunctive relief. He sought a temporary restraining order that October 13, to require the defendants to provide him with dental care. That November 27, he filed a notice of appeal from the district court's failure to rule on injunctive relief. Shortly thereafter, on December 4, the district court ordered James to file within 30 days an amended pleading containing a more detailed factual statement of his claims. (James' response to that order (if any) is not part of the record on appeal.)

## II.

In a "proper case", the district court's failure to enter an order either granting or denying injunctive relief may be appealed pursuant to 28 U.S.C. § 1292(a)(1), as the equivalent of an "order refusing" injunctive relief.[1] *National Ass'n for Advancement of Colored People v. Thompson*, 321 F.2d 199, 202 (5th Cir. 1963). A "proper case" under *Thompson* is one in which the plaintiff's rights are so clearly established that the failure to grant injunctive relief would be set aside by an appellate court as an abuse of discretion. *Id*. On the other hand, not every failure to rule on a request for injunctive relief is tantamount to a refusal to grant injunctive relief. *Id*. For example, if the district court's inaction is based on the need for study of the record and the applicable law prior to ruling on a request for injunctive relief,

---

[1]    The denial of a motion for a temporary restraining order is not appealable. *Matter of Lieb*, 915 F.2d 180, 183 (5th Cir. 1990). Although James styled his request for injunctive relief as a motion for a temporary restraining order, we construe it liberally as a motion for a preliminary injunction.

its failure to rule is not appealable under § 1292(a)(1).  *Id*.

As is evident from the district court's recent order requiring James to submit an amended complaint, the court determined that "the record in this case is not yet sufficiently developed to show [James'] entitlement to the relief" he seeks.  ***United States v. City of Jackson***, 519 F.2d 1147, 1154 (5th Cir. 1975).  Accordingly, the district court's failure to rule on James' request for injunctive relief, pending further development of the record, is not appealable under § 1292(a)(1).[2]  *See* ***id***.

### III.

For the foregoing reasons, the appeal is

**DISMISSED.**

---

[2]  James' "Motion for Emergency Injunction Pending Appeal" is denied as moot.