**In re Herbert Preston HARMON, Petitioner.**

**Misc. No. 377.**

United States Court of Appeals, First Circuit.

Submitted March 2, 1970.

Decided May 6, 1970.

---

Herbert Preston Harmon, pro se.

Before ALDRICH, Chief Judge, Mc-ENTEE and COFFIN, Circuit Judges.

PER CURIAM.

Defendant Harmon, now undergoing psychiatric observation at the Medical Center for Federal Prisoners pursuant to 18 U.S.C. §§ 4244, 4246, has asked us to vacate the order of the district court committing him to the custody of the

Attorney General and to remand for a trial on the offense charged. The record indicates that a complaint was lodged against defendant in June, 1968, in the District of Puerto Rico for transporting a stolen aircraft across international borders, but was subsequently dismissed when examination raised doubts about defendant's mental ability to stand trial. The government later renewed the complaint and the defendant was sent to the Medical Center, which eventually discharged him as improved. The district court then arranged for further mental examinations, and, after a hearing, concluded that defendant was still not competent to stand trial. The court therefore returned defendant to the Medical Center for further treatment.

█ Whatever may be defendant's right to appeal from an order under 18 U.S.C. § 4244 or § 4246, see United States v. Davis, 365 F.2d 251 (6th Cir. 1966), defendant failed to file notice with the district court within the time prescribed by Rule 4(b), Fed.R.App. Proc. We therefore treat defendant's papers as a request for permission to file a petition for mandamus. However, we must deny this request. The determination of the district court concerning competency to stand trial should not be set aside unless clearly arbitrary. Hall v. United States, 410 F.2d 653, 658 (4th Cir.1969); see United States v. Knohl, 379 F.2d 427, 434 (2d Cir.), cert. denied, 389 U.S. 973, 88 S.Ct. 472, 19 L. Ed.2d 465 (1967). While the accused in this case seems to have "a rational as well as a factual understanding of the proceedings against him," there was evidence calling into doubt his ability to "consult with his lawyer with a reasonable understanding * * * of the proceedings" under the stress of a trial. Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960).

█ Nevertheless we are disturbed by the defendant's lengthy confinement, now approaching a year, without the safeguards of a trial on the offense charged, or formal commitment proceedings addressed to defendant's ability to function in society. Such confinement not only erodes the values protected by the right to a speedy trial, but also seems to be of questionable clinical value. See A. Rosenberg, Competency for Trial, 53 Judicature 316, 317 (March, 1970). Since we feel that defendant's competency to stand trial should be redetermined in the near future, we suggest the following guidelines for the district court.

█ First, when the court appoints a psychiatrist under 18 U.S.C. § 4244, the psychiatrist, even if he may have hitherto acted in a personal relationship, should now consider himself an officer of the court, not responsible to prosecution or defense. Second, the expert appointed should have a substantial opportunity to observe the accused, and prior to the hearing required by section 4244, should file with the court a written report summarizing his observations and indicating whether he thinks the accused competent within the meaning of Dusky v. United States, supra. The report should be available to both prosecution and defense as a basis for examination of the psychiatrist at the hearing. Third, the more often trial is postponed, the more compelling should be the evidence justifying delay, and the more meticulous the procedural safeguards. Thus, if there has previously been a division of medical opinion, it might be advisable to appoint two or more psychiatrists to assist the court. Fourth, if the accused is committed to the custody of the Attorney General pursuant to 18 U.S.C. § 4246, the district court should require frequent reports on the accused's mental condition at stated intervals.

Petition dismissed.