**UNITED STATES of America,**
**Appellee,**

v.

**Marshall COLLINS, III, Appellant.**

**No. 75–1066.**

United States Court of Appeals,
First Circuit.

Argued Sept. 8, 1975.

Decided Nov. 13, 1975.

Andrew H. Good, Boston, Mass., by appointment of the Court, with whom Owens & Brown, Boston, Mass., was on brief, for appellant.

Lawrence P. Cohen, Asst. U. S. Atty., Deputy Chief, Crim. Div., with whom James N. Gabriel, U. S. Atty., was on brief, for appellee.

Before COFFIN, Chief Judge, CAMPBELL, Circuit Judge, and THOMSEN,* Senior District Judge.

THOMSEN, Senior District Judge.

Defendant appeals from an order of commitment under 18 U.S.C. § 4246 fol-

* Of the District of Maryland, sitting by designation.

lowing a hearing under 18 U.S.C. § 4244. He contends: (A) that the district court should have granted his motions to incur expenses under the Criminal Justice Act, 18 U.S.C. § 3006A(e)(1), for one or more examinations of defendant to determine defendant's competency to stand trial, in addition to the examination by a qualified psychiatrist appointed by the court pursuant to § 4244; and (B) that the district court erred in finding defendant incompetent to stand trial and in ordering him committed under § 4246.

The grand jury indicted defendant on September 10, 1974, for attempted air piracy and for carrying a concealed deadly and dangerous weapon aboard an aircraft on September 4, 1974. After mesne proceedings[1] the court on January 30, 1975, ordered that defendant be examined by Dr. Leonard Friedman, who is a qualified psychiatrist. Dr. Friedman filed a report with the court, concluding that defendant was unable to understand the proceedings against him or properly to assist in his own defense.

On February 11, 1975, the district court held a competency hearing, as required by § 4244, at which Dr. Friedman reiterated his opinion and the reasons therefor, but added that, given proper medication, defendant should be competent to stand trial within two to four months. Defendant and his sister also testified. At the conclusion of the hearing, the court found that defendant was then unable to understand the proceedings against him or properly assist in his own defense, and ordered that he be committed under the provisions of § 4246.

■ There is no merit in defendant's argument that the court erred in its determination. Certainly, it was not "clearly arbitrary", the test we have heretofore applied. *In re Harmon,* 425 F.2d 916, 918 (1 Cir. 1970). The guidelines set out at the end of the *Harmon* opinion were followed, and we are confident that the district court will require frequent reports on defendant's mental condition.

■ Nor did the district court err in denying defendant's motions for the appointment of one or more physicians under the Criminal Justice Act, 18 U.S.C. § 3006A(e)(1), to examine defendant and testify as to his competence to stand trial. Chapter III, ¶ B.2 of the Guidelines for the implementation of that Act, adopted by the Judicial Conference of the United States in March 1970, and the opinion of the Comptroller General of the United States, August 25, 1970, Decision B–139703, 50 Op.Comp.Gen. 128, agree that the Criminal Justice Act does not authorize such examinations. There is a clear distinction between an examination under § 3006A(e)(1) to determine a defendant's mental responsibility at the time of the alleged offense, as a part of his defense to the charge against him, and a § 4244 examination, which results in a report to the court on defendant's mental competency to stand trial. As the Fifth Circuit noted in *United States v. Theriault,* 440 F.2d 713, 715 (5 Cir. 1971):

". . . Sec. 4244 concerns examination to determine if the defendant is competent to stand trial. The court appoints a psychiatrist who examines the accused and reports to the court. Rule 28 authorizes the court to appoint its own expert witness, who is expected to be neutral and detached. He advises the parties of his findings. *See* Rule 28 and Wright, Federal Practice and Procedure, § 452. The

---

1. These included: (1) a motion by the chief probation officer that bail be cancelled, in which he stated that defendant was incoherent and unable to communicate, (2) a commitment for examination under § 4244 to the Medical Center for Federal Prisoners at Springfield, Missouri, where defendant suffered a skull fracture as a result of a fight, (3) a report from Springfield that did not definitely state whether or not defendant was competent to stand trial, and (4) a hearing before the district court on January 30, 1975, at which counsel for defendant stated that he was having a very difficult time communicating with his client.

§ 3006A(e) expert fills a different role. He supplies expert services 'necessary to an adequate defense,' which embraces pretrial and trial assistance to the defense as well as availability to testify. His conclusions need not be reported to either the court or the prosecution." [2]

■ This distinction accords with our opinion in *Harmon, supra.*[3] It is also supported by the statutory structure. Section 4244 provides for hearings as to competency to stand trial, with a view to commitment under § 4246, which must be of relatively short duration, *see Jackson v. Indiana,* 406 U.S. 715, 733, 92 S.Ct. 1845, 32 L.Ed.2d 435 (1972). The statute says: "the court shall cause the accused . . . to be examined as to his mental condition by at least one qualified psychiatrist, who shall report to the court." Section 4247, by contrast, provides for hearings as to insanity or incompetence accompanied by dangerousness, with a view to possible long-term commitment under § 4248. Under § 4247, "the court shall cause the prisoner to be examined by a qualified psychiatrist designated by the court and one selected by the prisoner . . . .." Reading the two sections together, it is apparent that § 4244 does not envision the appointment of an extra psychiatrist responsible to the defendant.

Of course, a district judge must be sure that the examining physician is genuinely impartial. No question of partiality is raised in this case. The order of the district court is

*Affirmed.*

---

**2.** Rule 706(a) of the Federal Rules of Evidence has replaced former Rule 28 of the Federal Rules of Criminal Procedure. For the purposes of this case, there is no substantial difference between the two rules.

**3.** Other circuits have cited and followed *Theriault: United States v. Edwards,* 488 F.2d 1154 (5 Cir. 1974); *United States v. Davis,* 481 F.2d 425 (4 Cir.), *cert. denied,* 414 U.S. 977, 94 S.Ct. 296, 38 L.Ed.2d 220 (1973); *United States v. Bass,* 477 F.2d 723 (9 Cir. 1973); *United States v. Pogany,* 465 F.2d 72 (3 Cir. 1972).