567 F.2d 237
 16 Fair Empl.Prac.Cas. 99, 15 Empl. Prac.
Dec. P 7932
Penelope BRACE on behalf of herself and on behalf of all
others similarly situated, Appellant,
v.
Joseph O'NEILL, Hillel S. Levinson, Foster B. Roser, Frank
Rizzo, and City of Philadelphia, Appellees.
 No. 76-2207.
 United States Court of Appeals,
Third Circuit.
 Argued Sept. 8, 1977.
Decided Nov. 10, 1977.
 
 Kathleen Willert Peratis, Susan Deller Ross, Jill Laurie Goodman, American Civil Liberties Union Foundation, New York City, Helen T. M. McCaffrey, Philadelphia, Pa., for appellant.
 Sheldon L. Albert, City Sol., Stephen Arinson, Chief Deputy City Sol., Mark Jurikson, Asst. City Sol., Philadelphia, Pa., for appellees.
 J. Stanley Pottinger, Asst. Atty. Gen., David W. Marston, U. S. Atty., William B. Fenton, Richard S. Ugelow, Sarah T. Cameron, Attys., Dept. of Justice, Washington, D. C., for the United States as amicus curiae.
 Susan Cary Nicholas, Alice M. Price, Women's Law Project, Philadelphia, Pa., on the brief; Sandra Swenson, Geraldine F. Prusko, Philadelphia, Pa., for the amicus curiae Philadelphia Chapter of the National Organization for Women, et al.
 Before ALDISERT, ROSENN and GARTH, Circuit Judges.
 OPINION OF THE COURT
 GARTH, Circuit Judge.
 
 
 1
 Penelope Brace, a member of the Philadelphia Police Department, instituted this action on behalf of herself and other female police officers, alleging sex discrimination in the employment practices of the Department.[1] She contended that one facet of the allegedly discriminatory practices was illegal retaliation taken against her by the Department because she opposed the defendants' practices. The district court dismissed her retaliation count with prejudice, and, without having certified a class, dismissed all other charges without prejudice. The district court's Order dated June 4, 1976, which dismissed Brace's claims, reads as follows:
 
 The disposition of
 
 2
 (1) All claims raised by Plaintiff, Penelope Brace in Counts I, II and IV of her complaint alleging discriminatory employment practices based on sex are dismissed without prejudice pending final decision in the related case of United States v. City of Philadelphia, et al., C.A. No. 74-400.
 
 
 3
 (2) On all remaining Counts, the Court finds in favor of the defendants. Judgment is to be entered in favor of the defendants against the plaintiff.
 
 
 4
 Because we hold that the June 4 Order is not a final order vesting this Court with appellate jurisdiction, we are obliged to dismiss Brace's appeal.[2]
 
 I.
 
 5
 Courts of appeals normally review only final orders of the district courts.[3] 28 U.S.C. § 1291;[4] Borelli v. City of Reading, 532 F.2d 950, 951 (3d Cir. 1976); In re Grand Jury Proceedings (U.S. Steel Clairton Works), 525 F.2d 151, 154-55 (3d Cir. 1975); see In re Good Deal Supermarkets, Inc., 528 F.2d 710, 712 (3d Cir. 1975). The policy underlying this rule is the prevention of "the debilitating effect on judicial administration caused by piecemeal appellate disposition of what is, in practical consequence, but a single controversy." Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 170, 94 S.Ct. 2140, 2149, 40 L.Ed.2d 732 (1974); accord, In re Grand Jury Proceedings (U.S. Steel Clairton Works), supra, 525 F.2d at 155. Thus Section 1291
 
 
 6
 disallow(s) appeal from any decision which is tentative, informal or incomplete. Appeal gives the upper court a power of review, not one of intervention. So long as the matter remains open, unfinished or inconclusive, there may be no intrusion by appeal. . . .
 
 
 7
 Nor does the statute permit appeals, even from fully consummated decisions, where they are but steps towards final judgment in which they will merge. The purpose is to combine in one review all stages of the proceeding that effectively may be reviewed and corrected if and when final judgment results. . . .
 
 
 8
 Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949); accord, Gavlik Construction Co. v. H. F. Campbell Co., 526 F.2d 777, 782-83 (3d Cir. 1975).[5] In short, a final district court order is normally a jurisdictional prerequisite to appellate review. RePass v. Vreeland, 357 F.2d 801, 804-05 (3d Cir. 1966), and cases cited therein. With these principles in mind, we turn to the facts at bar.II.
 
 
 9
 On February 12, 1974, Brace filed her complaint (No. 74-339) in this action.[6] She charged four counts of sex discrimination. Counts I, II, and IV alleged broad charges of discriminatory practices by the defendants.[7] Count III alleged specific harassment and retaliation in response to Brace's opposition to the defendants' practices. Shortly thereafter, the United States Department of Justice filed a pattern and practice action (No. 74-400) against the City of Philadelphia et al. under Section 707 of Title VII. United States v. City of Philadelphia (E.D.Pa., filed Feb. 19, 1974). The United States also alleged sex discrimination in the employment practices of the Philadelphia Police Department. The district court consolidated the actions brought by Brace and by the United States "for purposes of trial and adjudication."[8] Brace neither consented nor objected to the consolidation.[9]
 
 
 10
 Trial in the consolidated actions commenced on February 10, 1976. The defendants asserted that the employment of men rather than women was required as a bona fide occupational qualification for certain positions in the Philadelphia Police Department.[10] Just prior to the presentation of rebuttal evidence by Brace and the United States, the district court judge aborted the trial. Finding that "a study will of assistance to the Court in resolving this matter,"[11] he ordered interim relief which required the hiring and promotion of a number of qualified women by the Philadelphia Police Department.[12] He also ordered that the City of Philadelphia (City) report to the court, within twenty-four months of the date of entry of the order, the results of a study of the performance of these officers.[13] "Upon submission of the results of the study," the Order continued, "the parties may submit any additional evidence they have and the Court shall order any further relief that may be appropriate."[14] After severing Brace's retaliation claim (Count III) from other issues in the case,[15] the Court ordered that it
 
 
 11
 retai(n) jurisdiction in this matter for all purposes. The issues not addressed by this Order, including the issues of back pay, interest and other emoluments of office, if any, are deferred until twenty-four months from the date of this Order or until the results of the aforementioned study are presented to the Court, whichever is shorter.[16]
 
 
 12
 While it is true that Brace is not a signatory to the March 5 Order,16a the record reveals that at no time did Brace ever object to its entry.
 
 
 13
 On June 4, 1976, the district court judge filed a Memorandum Opinion and Order in the Brace case only.[17] That Opinion confirmed the March 5 Order as to the United States, and went on to state:
 
 
 14
 We had previously decided that the relief sought by the Government and Penelope Brace, based upon charges of discriminatory employment practices, was substantially identical. (Opinion filed January 27, 1975). We believe that our Order entered in U. S. v. City of Philadelphia, C.A. 74-400 (filed March 5, 1976) controls our disposition of the claim under consideration. We shall, therefore, delay our decision pending recipt (sic ) of all data in the Government's action.[18]
 
 
 15
 After concluding that Brace's retaliation claim for damages (Count III) was without merit and accordingly entering judgment for defendants on this Count, the court repeated:
 
 
 16
 To summarize, we find that the issues raised by plaintiff founded upon alleged discriminatory employment practices (Counts I, II, and IV) are substantially identical to the ones that prevail in United States v. City of Philadelphia, C.A. No. 74-400. For the reasons noted heretofore, we believe that our decision on this issue should be held in abeyance pending our disposition of United States v. City of Philadelphia.[19]
 
 
 17
 Rather than stay decision on these counts, however, the district court judge cryptically ordered that:
 
 
 18
 (T)he disposition of
 
 
 19
 (1) All claims raised by Plaintiff, Penelope Brace in Counts I, II and IV of her complaint alleging discriminatory employment practices based on sex are dismissed without prejudice pending final decision in the related case of United States v. City of Philadelphia, et al., C.A. No. 74-400.[20]
 
 
 20
 To compound the confusion, on June 9, 1977, a "Civil Judgment" was entered, which glossed the seemingly "final" June 4 Order.[21] It stated:
 
 
 21
 AND NOW, this 9th day of June 1976, in accordance with the Memorandum Opinion and Order filed June 4, 1976,
 
 
 22
 IT IS ORDERED that Judgment be and the same is hereby entered in favor of the defendants against the plaintiff.
 
 
 23
 No events transpired between June 4th and June 9th which made the June 9 Judgment any more complete or final an adjudication than the June 4 Order.21a
 
 III.
 
 24
 Recitation of these facts reveals an inconsistency in the district court's disposition of Brace's claims. On the one hand, the language in the court's order dismissed without prejudice Counts I, II, and IV. A dismissal is final and hence appealable where, as here, plaintiff cannot amend or stands on her complaint. Borelli v. City of Reading, supra, 533 F.2d at 951-52.[22] On the other hand, the district court specifically stated in its opinion supporting the order that its disposition of Counts I, II, and IV was "held in abeyance" pending disposition of United States v. City of Philadelphia ;[23] that this latter case controlled its disposition of the Brace claims; and that it would "delay . . . decision pending recipt (sic ) of all data in the Government's action."[24] These directions were consistent with the district court's earlier determination that it would "retai(n) jurisdiction in this matter for all purposes (other than Brace's retaliation claim)."[25] Thus, determination of the finality and therefore the appealability of the June 4 Order and the June 9 Judgment first requires that we determine the substance of what was intended.25a See Evans v. Buchanan, 555 F.2d 373, 380 (3d Cir. 1977) (en banc) (court of appeals modified district court opinion "to remove possibility of inconsistency or ambiguity"); cf. Resident Advisory Board v. Rizzo, 564 F.2d 126, 153 (3d Cir. 1977) (modifying district court order).
 
 
 25
 Scrutiny of the relevant opinions and orders of the district court reveals that the district court intended to retain jurisdiction over Counts I, II, and IV, and not to dismiss those counts. First, the district court provided that all parties may offer evidence on all claims (except Brace's retaliation claim) after the conclusion of the City's study.[26] Second, the district court consolidated the Brace and the United States cases "for purposes of trial and adjudication " (emphasis added). Third, the similarity between the two cases and their subject matter, the joint conduct of their proceedings, and the identity in part of the relief sought make it likely, and in fact it was so expressed, that a simultaneous and consistent disposition was intended. Fourth, the district court never specifically ruled on Brace's motions relating to defendants' hiring and promotion practices[27] but rather delayed decision on all questions of liability and damages (except for Brace's retaliation claim) until the completion of the City's study. In short, the proceedings below remain "open," "unfinished," and "inconclusive," see Cohen v. Beneficial Industrial Loan Corp., supra, 337 U.S. at 546, 69 S.Ct. 1221, with regard to the complaints of both the United States and Brace. Thus, although the district court judge labelled his disposition of Counts I, II, and IV of Brace's complaint as a "dismissal without prejudice," it is clearly evident to us that what he intended was not a "dismissal" but a "stay" of those claims pending final disposition of United States v. Philadelphia. Construed in this fashion, we achieve consistency within the June 4 Order of the district court, as well as between the June 4 Order and its Opinion of the same date and its later June 9 Judgment. See Evans v. Buchanan, supra, 555 F.2d at 300.
 
 
 26
 So read, the conclusion inevitably follows that the district court's disposition of Counts I, II, and IV of Brace's complaint is not final, hence not appealable under Section 1291. See p. 239 supra. Our holding is reinforced by the Supreme Court's admonition that "the requirement of finality is to be given a 'practical rather than a technical construction.' " Eisen v. Carlisle & Jacquelin, supra, 417 U.S. at 171, 94 S.Ct. at 2149, quoting Cohen v. Beneficial Industrial Loan Corp., supra, 337 U.S. at 546, 69 S.Ct. 1221.27a
 
 
 27
 We recognize that Counts I, II, and IV may be the subject of appeal at final disposition of United States v. Philadelphia, or at any earlier stage, if the requisites of appellate jurisdiction are satisfied.[28] We also stress that our disposition here does not preclude Brace from seeking whatever relief she deems appropriate in the district court.28a While we do not reach and hence do not pass upon the arguments addressed to the merits on this appeal, we nevertheless are cognizant of the problems raised by Brace with respect to class actions, timing of relief, and other matters which have been either delayed or confused because of the procedural irregularities of which she complains. While we do not suggest any particular approach which could be taken by Brace, we are aware of the problems that have arisen concerning consolidation and its effect on some aspects of the relief sought by her. Whether these matters are amenable to adjustment by motion in the district court will of course be a matter for Brace's and that court's determinations. We emphasize only that nothing here expressed should prevent Brace from seeking whatever relief she may deem available in the district court. Nor does anything we have said here indicate any views with respect to the merits of her argument. We are satisfied that by interpreting the lower court order as a stay and by modifying that order accordingly, we have obviated any statute of limitations problem which may have been posed by the ambiguous dismissal language of the June 4 Order and the June 9 Judgment.28b We are also satisfied that in the absence of a Fed.R.Civ.P. 54(b) certification,[29] the retaliation claim dismissed with prejudice by the district court is not final for purposes of appeal. Hence until the district court proceedings have concluded by the entry of a final order, or until a proper Rule 54(b) certification has been made or other procedure utilized which may properly invoke appellate jurisdiction, review will not be lost of Brace's Count III claim.29a
 
 IV.
 
 28
 Having determined that the June 4 Order and the June 9 Judgment (to the extent that the June 9 Judgment is predicated upon the June 4 Order) are ambiguous and inconsistent with the June 4 Opinion rendered by the district court, we will modify the June 4 Order to read as follows:[30]
 
 
 29
 (1) Disposition of all claims raised by plaintiff Penelope Brace in Counts I, II and IV of her complaint alleging discriminatory practices based on sex be and are hereby stayed and held in abeyance pending the final decision in United States v. City of Philadelphia, No. 74-400, being of the view that the order entered in United States v. City of Philadelphia, No. 74-400, filed March 5, 1976, controls the disposition of the claims under consideration. Decision on the claims set forth in Counts I, II and IV shall be delayed pending receipt of all data in the Government's case at C.A. No. 74-400, as more specifically set forth in the Memorandum Opinion filed June 4, 1976.
 
 
 30
 (2) On all remaining counts, the court finds in favor of the defendants. Judgment is to be entered in favor of the defendants against the plaintiff on the claim asserted in Count III only.
 
 
 31
 As so modified,[31] we have determined that the order of the district court is not final for purposes of appellate review, and this appeal will accordingly be dismissed. Each party will bear its own costs.
 
 
 32
 ROSENN, Circuit Judge, dissenting.
 
 
 33
 I agree with the majority that this court ordinarily may not hear the appeal of a non-final order[1] and that a court of appeals must give "practical" and not "technical" construction when considering the finality of a district court's order. I have no quarrel with this statement of the law and the reason underlying it. In denying jurisdiction, however, I believe the majority have erroneously given the requirement of finality a technical rather than a practical effect. I would hold that there is appellate jurisdiction and I therefore respectfully dissent.
 
 I. FACTUAL CONTEXT OF THE APPEAL
 
 34
 Some additional facts are necessary to properly understand the context of this appeal. On July 18, 1973, Penelope Brace ("Brace") filed charges of employment discrimination with the Equal Employment Opportunity Commission alleging discrimination in her employment as a police officer because of her sex. On January 28, 1974, the Department of Justice issued a right to sue letter on account of the charge, and on February 12, 1974, Brace filed this class action alleging across-the-board sex discrimination in the employment practices of the Philadelphia Police Department. Brace also sought relief for herself alleging that she was the victim of illegal retaliation on account of her activity relating to these causes of action. One week later, on February 19, 1974, the United States also filed an action against the City of Philadelphia charging sex discrimination in the employment practices of the Philadelphia Police Department. In March of 1974 Brace's case and the Government's case were consolidated for purposes of trial and adjudication.
 
 
 35
 On February 10, 1974, trial was commenced. At the close of Brace's and the Government's case in chief, the defendants renewed a motion to have the complaint dismissed. The motion was denied. Defendants thereupon put in their case, but prior to Brace's and the Government's rebuttal testimony, the district court terminated the trial by an order entered on March 5, 1976. The order provided for certain interim relief, severed the retaliation claim, and deferred final judgment on the other claims until twenty-four months from the date of the order. This order was entered under the caption of both Brace's case and the Government's case. Brace, however, never consented to the arrangement and was not a signatory to the order.[2]
 
 
 36
 No further action was taken in Brace's case until the district court apparently sua sponte as my reading of the record shows no motion by any party entered an opinion and order on June 4, 1976.[3] In its opinion, the court indicated that it desired to hold Brace's claims in abeyance pending decision on the merits in the Government's case. The district court also concluded that there was "abundant evidence to establish sex discrimination in the employment practices of the Philadelphia police department." The delay in the court's final decision was only to give the defendants time to carry out a study to prove its Bona Fide Occupational Qualification ("BFOQ") defense. The court's opinion differed from its order which dismissed three of appellant's claims pending final decision in the Government's case and found in favor of defendants on the retaliation claim.
 
 
 37
 From this procedural puzzle, Brace appealed to this court under 28 U.S.C. § 1291 (1970) claiming that a final judgment was entered on all claims. Brace argued that the March 5, 1976, order for a study was unnecessary as a matter of law, that the disposition of her retaliation claim was incorrect, that a class should have been certified, and that she was entitled to full relief. The defendants did not contest appellate jurisdiction until this court, by letter, asked that the question be briefed. Thus, apparently both parties understood the district court's order to be final.
 
 
 38
 The majority hold that the court of appeals may modify an ambiguous order of a district court, thereby avoiding appellate jurisdiction. Thus, the district court's dismissal without prejudice, which the majority acknowledge is a final order and is appealable, Majority Opinion at 241-242, n. 22, has become an unappealable stay of proceedings by modification in this court. The majority concludes that "(s)o read, the conclusion inevitably follows that the district court's disposition . . . is not final, hence not appealable under Section 1291." Majority Opinion at 243.
 
 
 39
 It seems to me that such an approach retards rather than advances the efficiency and fairness of our legal system. I disagree with this approach for three distinct reasons: first, the terms of the order indicate that it is final; second, even if read as a stay of proceedings, the order is final and appealable; and third, in view of the unusual posture of the aborted trial, even if the order is viewed as non-appealable mandamus should be considered as an alternative remedy.[4]
 
 
 40
 Before discussing my analysis, I deem it necessary to state preliminarily what is at stake here. At first blush, the majority opinion appears to preserve Brace's rights. Closer examination reveals particular weakness with their solution. Four years have already elapsed since Brace initially sought relief from the discrimination of which the district court found abundant evidence. The majority's disposition insures further delay at least until March 5, of 1978 and possibly longer. Their order provides for a stay in Brace's action pending "final decision" in the Government's suit. That disposition may take far longer than the supposed twenty-four months.[5] The majority suggests that Brace may seek "whatever relief she may deem available in the district court." Majority Opinion at 243. Given the district court's disposition to withhold final judgment, I find it difficult to fathom what interim relief the majority has in mind.
 
 
 41
 Consideration must be given to the enormous outlay of time and undoubtedly money which already has gone into this case and appeal. The district court's orders of March 5 and June 4 are, to say the least, unclear. Substantial rights of appellant and her class may be lost or at least placed into incubation for years. With this background, and following the majority's suggestion to give a practical rather than a technical construction
 
 
 42
 to the finality requirement, Brace is entitled to be heard
 
 
 43
 on her appeal. II. THE DISTRICT COURT'S ORDER IS
 
 
 44
 FINAL BECAUSE IT IS A DISMISSAL WITHOUT PREJUDICE
 
 
 45
 The district court's order of June 4, 1976, which is the subject of this case reads as follows:
 
 
 46
 (1) All claims raised by Plaintiff Penelope Brace in Counts I, II and IV of her complaint alleging discriminatory employment practices based on sex are dismissed without prejudice pending final decision in the related case of United States v. City of Philadelphia, et al., C.A. No. 74-400.
 
 
 47
 (2) On all remaining Counts, the Court finds in favor of the defendants. Judgment is to be entered in favor of the defendants against the plaintiff.
 
 
 48
 No question is raised as to the finality of part two of the district court's order. It finally and unequivocally disposes of Brace's retaliation claim. Similarly, no problem may be found with the proposition that a dismissal without prejudice is ordinarily final for purposes of 28 U.S.C. § 1291. 9 Moore's Federal Practice P 110.13(1), 152 (1975) ("An order that dismisses the entire action is clearly final and appealable, . . . even if the dismissal is without prejudice") (footnote omitted). The problem with the district court's order which the majority found fatal to its appealability is that the dismissal was "qualified"; it was a dismissal without prejudice pending final decision in another case. The majority modified the order of the district court so as to make it conform to the district court's opinion. It is only by following this curious procedure that the majority rejects jurisdiction.
 
 
 49
 This procedure baffles me. Appeals are taken from the orders of a court, not from its opinions. In many cases, opinions are unclear or are brief, giving little understanding of the basis for the order. For this reason, courts of appeals review orders, judging appealability solely from the content of the order. Had this appeal been in the posture of an order which on its face was non-final, one questions whether this court would undertake an examination of the content of the opinion to search for appealability. Ordinarily, we view the opinion for its value in support of the disposition of a case, but an appellate court does not substitute its understanding of the order for that of the district court. I therefore cannot agree with the majority's assessment that the basic difference that divides us in part II of this dissent is the interpretation of the June 4th district court order and not a legal principle. Majority op. at 242 n. 25a. Where there is concededly an ambiguity in the district court's order, it should be remanded to that court for clarification; this court should not run the risk of attempting to give clarity to such an order by reforming or revising it. When an order apparently is not justified by the reasoning of the district court's opinion, a court of appeals will vacate the order and remand to the district court for clarification or proper resolution of the problem. Here, the majority has turned this procedure on its head.
 
 
 50
 If effectuation of the intent of the district court is the issue, then it would seem that the district court would be in a better position to assess its own intent. The choice of the words "dismissal without prejudice" must have meant something to the district court. It is apparent that the district court desired the case to be dropped from its docket. Rather than question the basis for this resolution, the majority has substituted a different order which would keep Brace's case on the docket, but deprive her of the immediate right of review.
 
 
 51
 The majority cite our recent case of Evans v. Buchanan, 555 F.2d 373 (3d Cir. 1977) for the proposition that the court of appeals must first determine the content of the order to test appealability and may modify a district court's order to remove inconsistency with the district court's opinion. Evans does not support such broad modification powers. In that case we faced an order of the district court desegregating a school system. This court upheld the order but found problem with the language of the opinion which could be construed as inconsistent, not with the order of the district court, but with the opinion of the court of appeals. 555 F.2d at 380. Thus, the court of appeals modified the district court's order not to comply with the district court's opinion, but with the opinion of the court of appeals. Id. at 381. Such a modification, which would save the time and expense of an unnecessary remand is a far cry from the procedure adopted by the majority in the instant case.
 
 
 52
 The duty of the court of appeals is to review orders of the district court. Finality is a prerequisite to review, and finality is judged by the practical effect of the order. Had the majority done nothing here to modify the order, Brace would have had to refile her complaint. She would have faced severe problems with the statute of limitations.[6] I believe that the district court's order was final as to all four counts of Brace's complaint. I would thus reach the merits of the retaliation count and the denial of class certification. As to the remaining counts, because the district court made no findings of fact and conclusions of law, I would vacate the dismissal order and remand for appropriate findings and conclusions.
 
 
 53
 III. THE ORDER IS FINAL EVEN IF VIEWED AS A STAY OF PROCEEDINGS
 
 
 54
 The majority have changed a final order dismissing Brace's claim without prejudice into an order staying proceedings in her action pending resolution of a related case. They conclude that such stays are "inevitably" not final and hence not appealable under section 1291. This conclusion of per se non-appealability of stay orders is overdrawn under the law of this circuit as well as others. Even if this order is read as a stay of proceedings, I would hold it final and appealable.
 
 
 55
 As a general rule this circuit has held that a stay order is not final and hence is not appealable. Cotler v. Inter-County Orthopaedic Ass'n, 526 F.2d 537, 540 (3d Cir. 1975); Stateside Machinery Co., Ltd. v. Alperin, 526 F.2d 480 (3d Cir. 1975); Arny v. Philadelphia Transp. Co., 266 F.2d 869 (3d Cir. 1959). This court's treatment of the appealability under section 1291 of stay orders, however, has not been inflexible. Cotler v. Inter-County Orthopaedic Ass'n, supra 526 F.2d at 540; Haberern v. Lehigh & New England Rw. Co., 554 F.2d 581 (3d Cir. 1977); In re Grand Jury Proceedings (U.S. Steel), 525 F.2d 151 (3d Cir. 1975); Joffe v. Joffe, 384 F.2d 632 (3d Cir. 1967), cert. denied, 390 U.S. 1039, 88 S.Ct. 1635, 20 L.Ed.2d 300 (1968). The rule of this circuit is not that stay orders are never final; rather the cases teach that it is the duty of this court to examine the circumstances of each case to determine whether an appeal may be taken.[7]
 
 
 56
 This circuit has recently held that where a stay will have the practical effect of a dismissal of the underlying cause of action, appealability exists. In re Grand Jury Proceedings (U.S. Steel), supra, 525 F.2d at 154-55. In that case, the district court stayed a grand jury proceeding pending final judgment in a civil contempt action. We held that because the grand jury proceeding would terminate before the completion of the civil action, we would hear the appeal to avoid the practical demise of the underlying action. This was done for the sake of fairness and efficiency in the judiciary. Id. at 156 ("the lower court's order has caused the entire federal proceedings . . . to grind to a halt," thus the appeal was heard to avoid "leaden-footed" administration of justice); see Haberern v. Lehigh & New England Rw. Co., supra (employee's suit against bankrupt railroad stayed pending district court's reorganization litigation, held appealable); Joffe v. Joffe, supra (district court stayed action in suit pending resolution of New Jersey state suit. Without discussing appealability, this court heard the appeal).
 
 
 57
 Recent cases decided in other circuits reinforce this practical approach which would find appealability where there is an effective extended delay in final resolution of the dispute. E. g., Hines v. D'Artois, 531 F.2d 725 (5th Cir. 1976); McSurely v. McClellan, 426 F.2d 664 (D.C.Cir.1970); Amdur v. Lizars, 372 F.2d 103 (4th Cir. 1967).[8]
 
 
 58
 In Hines v. D'Artois, supra, the Fifth Circuit faced an appeal similar to that involved here. Appellant in that case was a police officer charging discrimination, under the Civil Rights Act, in his employment. The district court sua sponte stayed decision in the action pending the filing and processing of a complaint with the EEOC. Over objection of the appellees, the court held that it had jurisdiction under section 1291. 531 F.2d at 730. Citing Gillespie v. United States Steel Corp., 379 U.S. 148, 85 S.Ct. 308, 13 L.Ed.2d 199 (1964), and Cohen v. Beneficial Industrial Loan Corp., supra, the Court concluded that the balance of the danger in piecemeal review against possible delay in justice coupled with a practical approach to finality, would allow appealability in a case in which the effect of the district court's order would create extreme delay in resolution of the dispute. 531 F.2d at 730. The court held that "(A) 'practical' construction requires that when a plaintiff's action is effectively dead, the order which killed it must be viewed as final. Effective death should be understood to comprehend any extended state of suspended animation." Id.[9] The effect of the majority opinion's holding in the instant case is to place Brace's case in a deepfreeze for at least twenty-four months and probably more. After a period of litigation which commenced four years ago, such a result could well spell the death of the action. The district court's order, even as modified by this Court, has all the makings of a final order, especially in light of the history of this litigation.
 
 
 59
 Furthermore, certain salient factors are not considered by the majority. Brace has claimed that the Government's lawsuit differs from her own. There is only limited collateral estoppel effect between the two cases. Brace has asked for broader relief than that requested by the Government and, unlike the Government, has sought to represent a class. Moreover, Brace has opposed consistently any need for a study and has claimed that such a study as a matter of law cannot help defendants. Although the United States has consented to a stay in this case, Brace has resisted any such delay in her suit. This pause of at least two years, pending a suit to which Brace is not even a party, is tantamount to the comatose state of suspended animation visualized by Judge Goldberg in Hines v. D'Artois.[10]
 
 
 60
 IV. EVEN IF NON-APPEALABLE, THE STAY ORDER IS REVIEWABLE BY MANDAMUS
 
 
 61
 Assuming arguendo that the stay order created by the majority's modification of the district court's dismissal is non-appealable, appellant's only route to appellate review would be through a petition for mandamus. See 28 U.S.C. § 1641 (1970) (the All Writs Act); Fed.R.App.P. 21 (extraordinary writs directed against judges). Mandamus is made available because when "inexorably applied the final judgment rule can at time work an injustice." 9 Moore's Federal Practice P 110.26, 276 (1975). "Machine like rigidity cannot be the final goal of judicial administration. There is some need for flexibility so that, in exceptional situations appellate review may be had of an order that is non-appealable." Id. & P 110.28, 305. Exercise of this power is given when the need for immediate review to insure justice in an individual case outweighs the federal policy favoring finality. Id. 286. Had the district court clearly ordered Brace's case stayed pending disposition of the Government's case and had the literal language of the order not led all parties to assume that it was appealable, Brace might very well have requested mandamus relief. That she did not make such a request should not necessarily prevent her from obtaining relief.
 
 
 62
 Ordinarily a writ of mandamus must be requested in accordance with the Federal Rules of Appellate Procedure, 9 Moore's Federal Practice P 110.28, 315 (1975). However, "courts of appeals can, and frequently do, treat a notice of appeal as a petition for mandamus if the order sought to be reviewed is non-appealable but the question presented is subject to review by mandamus." Id. 315-16.[11] This is precisely the type of case in which treating the appeal as a petition for mandamus is sensible and just. Here, but for the confusion in the district court, mandamus would have been the clear remedy. "(O)nce an appeal has been taken in good faith, and the attendant expense of time, money and manpower has been suffered, a court of appeals is not powerless to prevent further useless expenditure." 9 Moore's Federal Practice P 110.12, 151 (1975). These principles should oblige us at least to consider Brace's arguments in light of mandamus relief.
 
 
 63
 Although a writ of mandamus is an extraordinary remedy, sparingly invoked, it may be exercised to prevent injustice. In Cotler v. Inter-County Orthopaedic Ass'n, supra, this court after finding non-appealability, nevertheless granted appellant's mandamus request to insure an adequate federal forum for relief. 526 F.2d at 539. We held that a stay granted by the district court pending resolution of similar state proceedings constituted an abuse of discretion, as some claims were exclusively federal. See Dellinger v. Mitchell, supra (Leventhal, J.) (granting petition in a case in which an indefinite stay was entered).
 
 
 64
 Brace has sufficiently made out a case for review by mandamus. I express no opinion on her claim, but recognize that it is substantial enough to demand consideration by this court. She has set forth (1) that the study ordered by the district court in the related case, which is the sole basis for the stay, is unnecessary as a matter of law,[12] (2) that the relief received as a consequence of the consent decree is inadequate, (3) that the interests of the United States are sufficiently distinguishable so as to make a stay inappropriate, and (4) that a stay of such an indefinite duration prejudices rights of the class appellant purports to represent. Read together with the unusual nature of the district court's orders, I would hold that Brace has made out a prima facie case for review by mandamus. Because I am dissenting and the defendants have not argued the point, I express no views on the merits of Brace's claim. If this court does not find appealability, it should consider the mandamus alternative.[13]V. CONCLUSION
 
 
 65
 (1) I would treat the district court's order as appealable. The order entered was final; the majority was in error modifying the original order so as to make it correspond to the opinion of the district court. The proper result would have been a remand for findings of fact and conclusions of law as to counts I, II, and IV of the complaint and a review of the final disposition of count III as well as the denial of class certification.
 
 
 66
 (2) Even if the order is read as a stay of proceedings, it is final and appealable. Under the Cohen and Gillespie tests as well as the laws of this and other circuits, no per se rule of non-appealability of stay orders exists. Rather, practical effect must be given and when, as here, the action is effectively shelved, it must be seen as final. So read, I would reach the question of whether the stay was proper as well as the other issues finally decided.
 
 
 67
 (3) Even if the stay order is not final and appealable, Brace's arguments warrant our treatment of the appeal as a petition for mandamus.
 
 
 
 [1]
 The challenged practices were alleged to violate, inter alia, the fourteenth amendment to the United States Constitution, Title VII of the Civil Rights Act of 1964, as amended (codified at 42 U.S.C. §§ 2000e et seq.), 42 U.S.C. § 1983, and the Pennsylvania Equal Rights Amendment
 
 
 [2]
 Although the appellees adverted in their brief to the prematurity of Brace's appeal, no issue was expressly raised in the initial briefs as to the propriety of our exercise of appellate jurisdiction. Recognizing that jurisdiction is a threshold issue, see In re Grand Jury Proceedings (U.S. Steel Clairton Works), 525 F.2d 151, 154 (3d Cir. 1975); RePass v. Vreeland, 357 F.2d 801, 804 (3d Cir. 1966); Two Guys From Harrison-Allen Town, Inc., 266 F.2d 427, 433 (3d Cir. 1959), that it is unaffected by the consent or understanding of the parties, Haberern v. Lehigh & N.E. Ry. Co., 554 F.2d 581, 584 (3d Cir. 1977), and that it may accordingly be raised on our own motion, Tye v. Hertz Drivurself Stations, Inc., 173 F.2d 317, 318 (3d Cir. 1949); cf. Moore v. Sylvania Electric Products, Inc., 454 F.2d 81, 84 n. 1 (3d Cir. 1972) (federal circuit court may inquire into district court jurisdiction sua sponte ); Kane v. Ford Motor Co., 450 F.2d 315, 317 n. 1 (3d Cir. 1971) (per curiam) (same), we requested supplemental briefing on the jurisdictional posture of the case prior to oral argument. The oral argument was confined wholly to this issue. Although the dissent would apparently give weight to the understanding of the parties that the district court order would be final, see Dissenting Op. at 245-246, that "understanding" is irrelevant to any jurisdictional determination
 
 
 [3]
 See note 5 infra
 
 
 [4]
 Section 1291 provides:
 The courts of appeals shall have jurisdiction of appeals from all final decisions of the district courts of the United States, the United States District Court for the District of the Canal Zone, the District Court of Guam, and the District Court of the Virgin Islands, except where a direct review may be had in the Supreme Court.
 
 
 [5]
 In rare instances, "the danger of denying justice by delay" may outweigh "the inconvenience and costs of piecemeal review." See Eisen v. Carlisle & Jacquelin, supra, 417 U.S. at 171-72, 94 S.Ct. at 2149, quoting Dickinson v. Petroleum Conversion Corp., 338 U.S. 507, 511, 70 S.Ct. 322, 94 L.Ed. 299 (1950). Nonfinal orders may therefore be subject to appellate review where, inter alia, the challenged order is a final ruling on an issue collateral to the main claim, and delayed appellate adjudication will result in irreparable injury, Cohen v. Beneficial Industrial Loan Corp., supra, 337 U.S. at 544-45, 69 S.Ct. 1221; Rodgers v. United States Steel Corp., 508 F.2d 152, 159 (3d Cir.), cert. denied, 423 U.S. 832, 96 S.Ct. 54, 46 L.Ed.2d 50 (1975), or where a district court enters final judgment as to fewer than all extant claims or parties and expressly certifies that "there is no just reason for delay." Fed.R.Civ.P. 54(b); In re Good Deal Supermarkets, Inc., supra, 528 F.2d at 712. See also 28 U.S.C. § 1292 (authorizing appeals from certain interlocutory orders, including injunctions)
 
 
 [6]
 An earlier complaint filed by Brace (No. 73-2246) which alleged the same unlawful retaliation challenged here was dismissed without prejudice by an order dated March 5, 1975. That order is not challenged on this appeal
 
 
 [7]
 Named defendants include Joseph O'Neill, Philadelphia Police Commissioner; Hillel S. Levinson, Philadelphia Managing Director; Foster B. Roser, Philadelphia Personnel Director; Frank L. Rizzo, Mayor; and the City of Philadelphia
 
 
 [8]
 Order of Consolidation of Civil Action Nos. 74-339 & 74-400 (E.D.Pa. Dec. 18, 1974)
 
 
 [9]
 Appellant's Supplemental Brief at 8; see Order of Consolidation
 An order granting or denying consolidation is a nonappealable interlocutory order. See Nolfi v. Chrysler Corp., 324 F.2d 373, 374 (3d Cir. 1963) (per curiam). We note, however, that Brace has not challenged or sought to set aside the Order of Consolidation on this appeal from the district court's dismissal of her claims.
 
 
 [10]
 See Memorandum Opinion & Order, Brace v. O'Neill, No. 74-339, at 2-3 (E.D.Pa. June 4, 1976) (hereinafter June 4 Opinion & Order)
 
 
 [11]
 Order, United States v. City of Philadelphia, and Brace v. O'Neill, Nos. 74-400 & 74-339, at 1 (E.D.Pa. Mar. 5, 1976) (hereinafter March 5 Order)
 
 
 [12]
 Id. PP 2, 4
 
 
 [13]
 Id. P 3
 
 
 [14]
 Id
 
 
 [15]
 Id. P 10
 
 
 [16]
 Id. P 11 (emphasis added)
 16a The caption of the March 5 Order pertains to the actions instituted by both Brace and the United States. Additionally, the Order recited that "(t)he parties hereby consent to the entry of this Order." Id. at 1-2. However, appellant Brace maintains, and the district court subsequently acknowledged, that Brace was not a signatory to the court-approved consent agreement. Appellant's Supplemental Brief at 6-7 (noting lack of consent); see June 4 Opinion & Order, at 2.
 
 
 [17]
 Cited note 10 supra
 
 
 [18]
 June 4 Opinion & Order, at 3-4
 
 
 [19]
 Id. at 7 (emphasis added)
 
 
 [20]
 June 4 Order, at 1
 
 
 [21]
 Civil Judgment, Brace v. O'Neill, No. 74-339 (E.D.Pa. June 9, 1977) (hereinafter June 9 Judgment)
 21a Despite this profusion of district court orders, and contrary to the dissent's assertion that "it appears that as of (March 15, 1976), Brace's case was severed from the Government's case," Dissenting Op. at 246, n. 2, at no time after consolidation, to which Brace did not object, did the district court ever sever her case from the Government's. Nor has any order entered at any time in the consolidated case ever given finality to either the Government's or Brace's case, either singly or as consolidated. Numerous orders, some of which affect Brace herself, have been entered by the district court; some presently await appellate disposition.
 
 
 [22]
 Had the dismissal without prejudice of Counts I, II, and IV been ordered, without the qualification "pending final decision in . . . C.A. No. 74-400," we would undoubtedly have felt free to review the district court's orders of June 4 and June 9. The presence of the qualifying provisions, however, brings into serious question the district court's intended disposition of the Brace claims, implicating the consistency of its June 4 Opinion with its subsequent orders
 
 
 [23]
 June 4 Order & Opinion, at 7
 
 
 [24]
 Id. at 3-4
 
 
 [25]
 March 5 Order P 11
 25a Judge Rosenn in Part II of his dissent charges that we in effect are not reviewing the district court's order of June 4, but rather its opinion. (Dissenting Op. at 247-248). His reasoning, however, is based on the incorrect premise that the June 4 Order is clear and unambiguous on its face. To the contrary, that Order emits mixed messages: on the one hand it directs a "dismiss(al) without prejudice"; on the other hand, the dismissal is subject to and "pending (a) final decision in the related case of United States v. City of Philadelphia et al., C.A. No. 74-400." Recognizing that ambiguity in the June 4 Order we were obliged to glean from the district court's June 4 Opinion the meaning of its order appended to that opinion. We believe we have succeeded in correctly ascertaining the district court's intent, and in so doing have also harmonized the district court's language in its June 4 Order to comport with that intent. Indeed, the dissent necessarily acknowledges the ambiguity in the June 4 Order when it states: "The district court's orders of March 5 and June 4 are, to say the least, unclear." (Dissenting Op. at 247).
 It thus appears that the basic difference between this opinion and Part II of the dissent does not implicate any legal principle, nor does it involve any exercise of appellate activism. Rather we differ only in the interpretation of the meaning of the June 4th district court order.
 
 
 [26]
 Id. P 3
 
 
 [27]
 E. g., Plaintiff's Amended Motion dated June 18, 1975 (to restrain conduct of promotional examinations which barred female applicants)
 27a The dissent is properly concerned with court-imposed delays which may affect Brace's rights. (Dissenting Op. at 246-247). However, the mere prospect of delay cannot create appellate jurisdiction where no appropriate appealable district court order has been entered. We, too, are aware of the "danger of denying justice by delay," Gillespie v. United States Steel Corp., 379 U.S. 148, 153, 85 S.Ct. 308, 311, 13 L.Ed.2d 199 (1964), but we are also cognizant that there are comparable if not greater dangers present were we to exercise appellate jurisdiction over nonappealable orders entered in live and continuing controversies such as Brace's continuing dispute with the City of Philadelphia. See, e. g., n. 29a infra.
 
 
 [28]
 E. g., 28 U.S.C. §§ 1292 (authorizing appeals from certain interlocutory orders, including injunctions), 1651 (the All Writs Act); Fed.R.Civ.P. 54(b), quoted in full in note 29 infra ; Fed.R.App.P. 21 (extraordinary writs directed to judges)
 28a In appealing from a nonappealable order, Brace has misconceived the forum which can afford her relief at this time. If, as the dissent claims, Brace has been delayed in achieving relief and has been improperly thwarted by rulings of the district court (and we expressly pass no judgment on the correctness of the district court rulings), there is nothing to prevent Brace, for example, from applying to the district court for a Rule 54(b) Order or for an order vacating the stay, or vacating the order of consolidation, as well as any other relief she may deem appropriate.
 28b Contrary to the dissent's assertion that our reference to the statute of limitations indicates a recognition of the finality of the June 4 Order, see Dissenting Op. at 248 n. 6, it is apparent from our discussion that all we recognize is that the June 4 Order, and hence the June 9 Judgment, are ambiguous, and, when properly clarified, nonfinal. Our reference to the statute of limitations does no more than treat with a problem raised at oral argument and thus forestall the possibility of still another defense being inappropriately raised in the district court at some later date.
 
 
 [29]
 Rule 54(b) provides in full:
 (b) Judgment Upon Multiple Claims or Involving Multiple Parties. When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
 29a While the dissent correctly states that a stay may be appealable under extraordinary circumstances if tantamount to a dismissal of the action, see Haberern v. Lehigh & N. E. Ry. Co., 554 F.2d 581, 584 (3d Cir. 1977) (stay order held appealable under "unique" circumstances whereby Congress expressly disallowed stay of personal injury damage claims pending railroad reorganization proceedings); In re Grand Jury Proceedings (U.S. Steel-Clairton Works), 525 F.2d 151, 155-56 (3d Cir. 1975) (vacated stay of federal grand jury proceeding pending state litigation where state proceeding would last beyond the date of grand jury expiration, federal proceedings totally ground to a halt, and the stay encroached the plenary historical authority of the grand jury), this case does not present those extraordinary circumstances and hence is not governed by that principle. The proceedings instituted by Brace which allege sex discrimination have not "ground to a halt," as in Haberern and Grand Jury (U.S. Steel). Rather, since June 4th, 1976, the date of the district court order which the dissent reads as finally dismissing her action, the class sought to be represented by Brace has been the beneficiary of at least four district court orders entered in 74-400 which direct preliminary relief for the class, and which fall within the scope of Brace's complaint. See Order of July 13, 1977 (directing that 20% Of the 350 new hirees of the Philadelphia Police Department be women); Order of April 25, 1977, amending Order of April 15, 1977 (ordering that 20 of 120 new employees of the Department be women); Order of March 24, 1977 (compelling transfer of women police officers to formerly all-male departments); Order of March 4, 1977, amending Order of February 10, 1977 (same). Police Officer Brace herself has been ordered transferred to a previously all-male department. See Order of March 24, 1977; Order of Feb. 10, 1977, as amended, March 4, 1977. Thus, rather than being "suspended" or "comatose," the relief requested in Brace's case is ongoing. Furthermore, the study proposed in the March 5 Order is continuing and by its terms, slated for completion within five months, and jurisdiction has been retained for the taking of further evidence. In sum, this case, rather than being governed by the principles in the cases cited by the dissent, by virtue of its continuing vitality comes within the familiar doctrine that a stay as imposed here is not an appealable order. Arny v. Philadelphia Transp. Co., 266 F.2d 869 (3d Cir. 1959); accord, Cotler v. Inter-County Orthopaedic Ass'n, 526 F.2d 537, 540 (3d Cir. 1975) (expressly reaffirming the precedential value of Arny ); cf. Lyons v. Westinghouse Electric Corp., 222 F.2d 184, 192 (2d Cir. 1955) (Medina, J., dissenting in part) (emphasizes that a stay is normally an action which a court "may grant in a cause pending before it by virtue of its inherent power to control the progress of the cause").
 For similar reasons, use of the extraordinary writ of mandamus is here inappropriate and unavailable. See Will v. United States, 389 U.S. 90, 95-98 & n. 6, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967).
 
 
 [30]
 Because the June 9 Judgment does no more than incorporate the provisions of the June 4 Order without adding to its substance, the June 9 Judgment will be deemed modified accordingly
 
 
 [31]
 Evans v. Buchanan, supra, 555 F.2d at 380; see Resident Advisory Board v. Rizzo, supra, 564 F.2d at 153
 
 
 [1]
 The majority do however recognize that there are some procedures which allow review of non-final orders. Majority Opinion at 243, n. 28 & 244, n. 29; see 28 U.S.C. § 1292(b) (1970) (interlocutory appeals of certain questions); 28 U.S.C. § 1651 (1970) (the All Writs Act); Fed.R.App.P. 21 (writs directed toward judges); Fed.R.Civ.P. 54(b) (certification when there is partial judgment in cases involving multiple claims or parties)
 
 
 [2]
 There is some controversy as to the meaning and effect of the order of March 5, 1976. The order speaks as if it embraces both the Brace lawsuit, Brace v. O'Neill, et al., C.A. No. 74-399, and the parallel lawsuit of the United States v. City of Philadelphia, et al., C.A. No. 74-400. The order arose out of a consensual arrangement entered into by the defendants and the United States to which Brace was not a party. Counsel for the Government stated during oral argument in this court that on March 15, 1976, the United States and the City of Philadelphia consented to an order dismissing No. 74-400 without prejudice. This order did not include the Brace claims. Thus, it appears that as of that date, Brace's case was severed from the Government's case
 
 
 [3]
 The district court's order is set forth at page 247 of this dissent
 
 
 [4]
 There is also an argument to be made that a stay of proceedings entered on Brace's case, which includes a prayer for injunctive relief, is equivalent to a denial of an injunction. If this were so, we would have appellate jurisdiction under 28 U.S.C. § 1292(a)(1). An order granting or denying a stay is not ordinarily regarded as a grant or denial of an injunction. 9 Moore's Federal Practice P 110.20(4.-2), 250 (1975) and thus is not ordinarily reviewable under § 1292. See Cotler v. Inter-County Orthopaedic Ass'n, 526 F.2d 537, 541 (3d Cir. 1975). Because I believe that we have jurisdiction on other grounds, I express no views on appealability under section 1292. See Hines v. D'Artois, 531 F.2d 726, 730 (5th Cir. 1976); Dellinger v. Mitchell, 143 U.S.App.D.C. 60, 442 F.2d 782 (D.C.Cir.1971)
 
 
 [5]
 The order as modified by this court provides that Brace's case is to be stayed pending resolution of the Government's case. The order then incorporates the March 5, 1976, order of the district court. Nothing in this court's modification prevents the Government and the City of Philadelphia from modifying their present agreement and extending the time period allotted for the study. Nothing prevents undertaking new or additional research. Moreover, the majority modification stays proceedings pending "final decision" in the Government's case. Whether this includes all appeals filed by the United States and the City of Philadelphia is not clear, but a fair reading of the modified order might permit this. Significant problems already exist in the effectuation of the March 5 order and appeals are presently pending in that action. United States v. City of Philadelphia, et al., App.Doc. No. 77-1707 through 77-1711. Given the present procedural morass, the twenty-four month estimate seems improbably optimistic
 
 
 [6]
 The majority implicitly recognize that the order of the district court if unmodified would have been final. At oral argument, counsel for the defendants was asked for a promise not to enforce the statute of limitations defense in further proceedings. Not satisfied that this promise alone would protect appellant, this court was forced to modify the order so as to obviate "any statute of limitations problem which may have been posed by the dismissal language . . .." Majority Opinion at 243. The majority's action reinforces my belief that on its face the order is a dismissal
 
 
 [7]
 Other circuits have also found appealability of orders staying one case pending resolution of another. See, e. g., Hines v. D'Artois, 531 F.2d 726 (5th Cir. 1976); McSurely v. McClellan, 138 U.S.App.D.C. 187, 426 F.2d 664 (D.C.Cir.1970); Amdur v. Lizars, 372 F.2d 103 (4th Cir. 1967). In each of these cases stays were ordered explicitly, unlike this case pending resolution of another case. Yet, the courts rejected any per se rule of non-appealability and addressed the facts alleged on appeal
 
 
 [8]
 But see Dellinger v. Mitchell, 442 F.2d 782, 782-89 (D.C.Cir.1971); Lyons v. Westinghouse Elec. Corp., 222 F.2d 184 (2d Cir. 1955); International Nickel Co. v. Barry, 204 F.2d 583 (4th Cir. 1953). The courts denying appealability to stay orders found the question close. Moreover, in each case the court was led to give appellate review by the alternate means of mandamus
 Dellinger v. Mitchell, supra, 442 F.2d at 788-90 (appeal treated as petition for mandamus in alternative writ granted); Lyons v. Westinghouse Elec. Corp., supra, 222 F.2d at 190 (appeal treated as a petition for mandamus in alternative, writ granted); International Nickel Co. v. Barry, supra 204 F.2d at 585 (appeal treated as petition for mandamus in alternative writ denied); see Cotler v. Inter-County Orthopaedic Ass'n, supra, 526 F.2d at 539 (petition for mandamus, writ granted even though non-appealable). For a discussion of the possibility for mandamus relief here, see Dissenting Opinion at 250-251, infra.
 
 
 [9]
 See McSurely v. McClellan, supra, 426 F.2d at 671 n. 47 ("There is undoubted appellate jurisdiction to review the grant of an indefinite stay in a civil proceeding."); Amdur v. Lizars, supra, 372 F.2d at 106 (the district court stay order amounted to a dismissal, hence appellate jurisdiction)
 I have stated elsewhere my belief that the holding of the Supreme Court in Gillespie v. United States Steel Corp., supra, mandates our review of cases in which a seemingly non-final order is of such a character as to effectively dispose of the case. Hackett v. General Host Corp., 455 F.2d 618, 629 (3d Cir. 1972) (Rosenn, J., dissenting). This involves the intricate balancing of the policy against piecemeal litigation with the injustice of withholding immediate review. Id. This balancing has already once led this circuit to find appealability in stay orders, In re Grand Jury Proceedings (U.S. Steel), supra, and has mandated appealability in the Fifth Circuit, Hines v. D'Artois, supra, the D.C. Circuit, McSurely v. McClellan, supra, and the Fourth Circuit, Amdur v. Lizars, supra. The facts of appellant's case are no less compelling.
 
 
 [10]
 The majority asserts that the interim orders entered by the district court since June 4th demonstrate that relief "in Brace's case is on-going." Majority op. at 244, n. 29a. I believe that such relief, while directed at securing rights for Brace and her class, is not alone sufficient to revive Brace's otherwise slumbering lawsuit. Brace is not a party to 74-400. She has no independent right to move the district court for interim relief, and she is not a signatory to the consent decree. She has no standing to appeal from interim relief which she finds unsatisfactory. Thus, she stands as a mere spectator while other parties decide her fate. Moreover, none of the orders entered in the Government's lawsuit have in any way limited the possibility of extending the time period for the study or prohibited any supplemental research. Without these assurances, Brace's lawsuit may be indefinitely delayed and no amount of interim relief can make her whole as the two lawsuits do not ask for identical relief
 
 
 [11]
 See, e. g., Dellinger v. Mitchell, supra, 442 F.2d at 789-90; In re Harmon, 425 F.2d 916 (1st Cir. 1970); International Products Corp. v. Lyons, 325 F.2d 403 (2d Cir. 1963); Leesona Corp v. Control Manuf. Corp., 308 F.2d 895 (4th Cir. 1962); Lyons v. Westinghouse Elec. Corp., supra; International Nickel Co. v. Barry, supra
 
 
 [12]
 "If both questions of law and abuse of discretion are involved, review should be sought by mandamus . . .." 9 Moore's Federal Practice P 110.22(5), 267 (1975); see Van Dusen v. Barrack, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964)
 Brace's brief is replete with detailed reasons why the study is unnecessary. She cites numerous cases for the proposition that a BFOQ defense cannot be made out except in the narrowest fashion. This principle is especially true to prevent defendants from use of sex-based averaging and stereotypes. See Jurinko v. Edwin L. Weigand Co., 477 F.2d 1038 (3d Cir.), vacated and remanded on other grounds, 414 U.S. 970, 94 S.Ct. 293, 38 L.Ed.2d 214 (1973); Rosenfeld v. Southern Pacific Co., 444 F.2d 1219 (6th Cir. 1971); Diaz v. Pan American World Airways, 442 F.2d 385 (5th Cir. 1971).
 
 
 [13]
 Rather than reach the merits of the mandamus petition, the court may treat this appeal as a motion for leave to file a mandamus petition, International Products Corp. v. Lyons, supra, and remand to the district court. Dellinger v. Mitchell, supra (remanded with some suggestion as to the correct result)